1  ROBERT A. DOLINKO (State Bar No. 076256)
   rdolinko@nixonpeabody.com
2  SETH L. NEULIGHT (State Bar No. 184440)
   sneulight@nixonpeabody.com
3  NIXON PEABODY LLP
4  One Embarcadero Center, Suite 1800
   San Francisco, California 94111
5  Telephone:  (415) 984-8200
6  Facsimile:   (415) 984-8300

7  Attorneys for Defendants
8  HERC RENTALS INC. (fka Hertz Equipment
   Rental Corporation); THE HERTZ CORPORATION;
9  and HERTZ GLOBAL HOLDINGS, INC.

10             **UNITED STATES DISTRICT COURT**

11           **NORTHERN DISTRICT OF CALIFORNIA**

12

13  ALFONSO CAMPOS, on behalf of        | Case No.:
14  himself, others similarly situated,  |
                                          | **NOTICE OF REMOVAL OF CIVIL**
15                          Plaintiff,    | **ACTION UNDER 28 U.S.C. § 1332(d)**
                                          | **AND 28 U.S.C. § 1441; EXHIBITS**
16       vs.                             |
17                                        |
18  HERTZ EQUIPMENT RENTAL               |
    CORPORATION; HERC RENTALS           |
19  INC.; THE HERTZ CORPORATION;         |
    HERTZ GLOBAL HOLDINGS, INC.;        |
20  and DOES 1 to 100, Inclusive         |
21                                        |
22       Defendants.                     |

23

24  **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO**

25  **PLAINTIFF ALFONSO CAMPOS:**

26       **PLEASE TAKE NOTICE** that Defendant s Herc Rentals Inc. (formerly

27  known as Hertz Equipment Rental Corporation), The Hertz Corporation and Hertz

28  Global Holdings, Inc. (jointly "Defendants") file this Notice of Removal.  The

above-entitled case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) and is one that may be properly removed to this Court pursuant to 28 U.S.C. § 1441. In compliance with 28 U.S.C. § 1446(a), Defendants assert the following grounds for removal:

1.    On or about April 27, 2017, Plaintiff Alfonso Campos ("Plaintiff") commenced the aforementioned action against Defendants by filing a Class Action Complaint for Damages in the Superior Court of the State of California, County of Alameda, entitled *Alfonso Campos, et al. v. Hertz Equipment Rental Corporation, et al.,* Case No. RG 17858299 (hereinafter the "State Court Action").

2.    True and correct copies of Plaintiff's Summons and the Class Action Complaint, along with the papers which accompanied that Complaint, are attached as Exhibit A hereto. These papers were first served on any of the defendants (via their agent for service of process) on May 3, 2017. No defendant was served before May 3, 2017.

3.    On May 30, 2017, Defendants filed Answers to Complaint in the State Court Action, as required by the Cal. Code of Civil Procedure. A true and correct copy of those Answers are attached hereto as Exhibit B and are incorporated herein by this reference as if set forth in full.

4.    On May 30, 2017, Defendants received copies a Notice of Complex Determination Hearing and Case Management Conference, a copy of which is attached hereto as Exhibit C.

5.    None of the Defendants has filed, served or received any papers or pleadings in the State Court Action other than those attached hereto as Exhibits A through C.

6.    This Notice is timely filed in that it is filed within thirty days of the initial and original service of the Summons and Complaint on any of the

Defendants.  *See* 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure.

7.     This action is removable under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), *et seq*.  The CAFA provides that the district courts "shall have original jurisdiction" over "a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  The Class Action Complaint states that the nature of the action is "a class action" brought by Plaintiff.  (Compl. *passim*.)

8.     Plaintiff is, and at all material times was, a citizen of the State of California.  According to Defendant Herc's records, Plaintiff was a citizen of California throughout the time he worked for Defendant.  Defendant's records reveal that Plaintiff resided in Los Angeles County.  Defendant has confirmed through records publicly available on line that Plaintiff remains a resident and citizen of the State of California, and certainly is not a citizen of the State of Florida.

9.     Herc Rentals Inc., formerly known as Hertz Equipment Rental Corporation, is incorporated in the State of Delaware with its corporate headquarters and principal place of business in the State of Florida.  Defendant Herc was not and is not a citizen of the State of California or the State of Delaware.

10.     Hertz Equipment Rental Corporation no longer exists.  When it existed, it was incorporated in the State of Delaware, and its headquarters and principal place of business were in the State of Florida.  Hertz Equipment Rental Corporation is now Herc Rentals Inc.  Hertz Equipment Rental Corporation was at no time a citizen of the State of California.

11.     The Hertz Corporation is incorporated in the State of Delaware with its corporate headquarters and principal place of business in the State of Florida.  Defendant The Hertz Corporation was not and is not a citizen of the State of California.

12.     Hertz Global Holdings, Inc. is incorporated in the State of Delaware with its corporate headquarters and principal place of business in the State of Florida.  Defendant Hertz Global Holdings, Inc. was not and is not a citizen of the State of California.

13.     Plaintiff is a "citizen of a State different from" Defendants under the CAFA.  28 U.S.C. § 1332(d)(2)(A).

14.     Based upon all the foregoing, Defendants are not citizens of the State of California, they are not  "citizen[s] of the State in which the action was originally filed" and therefore the exceptions to removal under the CAFA set forth in 29 U.S.C. §§1332(d)(4)(B) and 1332(d)(3) are inapplicable.

15.     The CAFA requires that the putative class must have 100 or more class members for the district court to exercise jurisdiction.  28 U.S.C. § 1332(d)(5)(B). In part, Plaintiff seeks to represent a class of all current and former Herc Rentals Inc. employees in California employed in non-overtime-exempt positions on or after April 27, 2013 (Compl., ¶¶ 32, et seq.).  Plaintiff seeks to represent a class and subclasses of all California employees of Defendants, like himself, who are or were employed as non-exempt employees paid on an hourly basis at any time during the four years prior to the filing of the Complaint.  (Compl., ¶ 32, et seq.)  Plaintiff and the class he purports to represent seek premium pay for missed meal breaks and rest breaks, civil penalties for erroneous paycheck stubs, and penalties for members of the putative class whose employment was terminated from Defendant.  (See Compl., ¶¶ 25, 32, 33, 38, 47-48, 55-56 and 65-66.)

16.     More than 400 individuals (inclusive of current and former employees) have worked for Herc as hourly, non-exempt employees in the four years before the lawsuit was filed.  (*See* Declaration of Tia James ["James Decl."] at ¶ 3 and Declaration of Holly Yoders ["Yoders Decl."] at ¶ 3, both filed herewith.)  Thus,

there are far more than the minimum 100 putative class members required by the CAFA for federal jurisdiction. 28 U.S.C. § 1332(d)(5)(B).

17.    The CAFA further requires that, for the district court to exercise jurisdiction, the matter in controversy must "exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). When determining the amount in controversy, "the claims of the class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

18.    Plaintiff, on behalf of the putative classes, allege they and the classes are entitled to recover (among other things): (1) unpaid wages; (2) restitution under California Business & Professions Code Section 17200; (3) penalties pursuant to California Labor Code Sections 203, 226, etc.; and (4) attorneys' fees. (Compl., Prayer for Relief.) The value of each of these items is to be included in the amount in controversy in the State Court Action under the CAFA. *Brill v. Countrywide Home Loans, Inc*., 427 F.3d 446, 449 (7th Cir. 2005) (punitive damages); *Yeroushalmi v. Blockbuster, Inc*., 2005 WL 2083008, at *4-5 (C.D. Cal. July 11, 2005) (compensatory damages, punitive damages, attorneys' fees, and injunctive relief); *Berry v. American Express Publ'g Corp*., 381 F. Supp. 2d 1118, 1123-1124 (C.D.Cal. 2005) (injunctive relief); *Rippee v. Boston Market Corp*., 2005 U.S. Dist. LEXIS 39478, at *8 (S.D.Cal. Oct. 14, 2005) (Labor Code penalties).

19.    Defendants deny that Plaintiff and the classes he purports to represent are entitled to either class certification or any recovery in this action, and by filing this Notice of Removal, Defendants do not waive any defenses that may otherwise be available to them. Without waiving this position, and in light of the allegations of Plaintiff's Complaint, Defendants' potential liability is as follows with respect to just some of Plaintiff's causes of action and measuring from April 27, 2013:

a.    For penalties consistent with Cal. Labor Code § 226, which are up to a maximum of $4,000 per person, approximately $1,872,000. (See James

-5-

Decl. ¶ 4; Yoders Decl. ¶ 4.)  This figure is derived by multiplying a conservative estimate of 468 full-time weekly-paid hourly employees times the maximum statutory penalty of $4,000.

        b.     For "waiting time penalties" consistent with Cal. Labor Code § 203 with respect to the 233 California hourly employees whose employment with Defendant terminated between April 27, 2014 through April 27, 2017, the potential liability to Defendants is approximately $1,230,240.  (James Decl. ¶ 5-6; Yoders Decl. ¶ 5-6.)  This is computed by taking a conservative average wage of $22.00 per hour x 8 hours per day x 30 days x 233 terminated employees.

        c.     For rest breaks allegedly not provided to the California hourly employee class, and assuming four missed rest breaks per work week (which is fewer than what Plaintiff alleges at his Complaint, ¶25 where he alleges his employer did not provide employees with any rest periods), the potential liability to Defendants is approximately $7,692,784.  (James Decl. ¶¶ 3 & 6; Yoders Decl. ¶¶ 3 & 6.)  This is calculated by taking an average wage of $22.00 per hour x 4 missed meal and/or rest breaks per week x 87,418 work weeks.  (James Decl. at ¶¶ 3-4; Yoders Decl. at ¶¶ 3-4.)

    20.    The foregoing conservative analysis of liability based upon Plaintiffs' allegations and relevant facts comes to $10,795,024.  Consequently, the amount in dispute plainly exceeds the $5,000,000 threshold required under the CAFA.

    21.    Defendants note that the foregoing calculation does not take into account exposure for potential attorneys' fees or for second meal periods allegedly not provided to Plaintiff and the members of the putative class.

///

///

///

-6-

1    For all of the foregoing reasons, Defendants respectfully submit that the State

2    Court Action is removable to this Court under 28 U.S.C. §§ 1332(d) and 1441(b).

3    Accordingly, Defendants pray this action stand and remain removed from the

4    Superior Court of the State of California for the County of Alameda to this Court.

5

6    Dated:  June 2, 2017                    NIXON PEABODY LLP

7

8                                      By: _____
                                           Robert A. Dolinko
9                                          Seth L. Neulight
                                           HERC RENTALS INC. (fka Hertz
10                                         Equipment Rental Corporation); THE
                                           HERTZ CORPORATION; and HERTZ
11                                         GLOBAL HOLDINGS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332(d)
AND 28 U.S.C. § 1441(b); EXHIBITS

# EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Joseph Lavi, Esq. (SBN 209795)<br>Vincent C. Granberry, Esq. (SBN 276483)<br>Vanessa Kamau, Esq. (SBN 265572)<br>LAVI & EBRAHIMIAN, LLP<br>8889 W. Olympic Blvd., Suite 200, Beverly Hills, California 90211<br>TELEPHONE NO: (310) 432-0000   FAX NO: (310) 432-0001<br>ATTORNEY FOR *(Name)*: Plaintiff Alfonso Campos | **ENDORSED**<br>**FILED**<br>**ALAMEDA COUNTY**<br><br>APR 27 2017<br><br>CLERK OF THE SUPERIOR COURT<br>By _____<br>JALLE THOMAS, Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda |
|---|
| STREET ADDRESS: 2233 Shoreline Drive |
| MAILING ADDRESS: 2233 Shoreline Drive |
| CITY AND ZIP CODE: Alameda, California 94501 |
| BRANCH NAME: George E. McDonald Hall of Justice |

| CASE NAME: Alfonso Campos v. Hertz Equipment Rental Corp., et al. |
|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: RG17858299 |
|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

**2.** This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
- a. [ ] Large number of separately represented parties
- b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
- c. [x] Substantial amount of documentary evidence
- d. [x] Large number of witnesses
- e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
- f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

**4.** Number of causes of action *(specify)*: 4 Violations of California Labor Code; 1 UCL Violation

**5.** This case [x] is  [ ] is not  a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 27, 2017

Vanessa Kamau, Esq. (SBN 265572)
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice—
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach—Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case—Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

Joseph Lavi, Esq. (SBN 209776)
Vincent C. Granberry, Esq. (SBN 276483)
Vanessa Kamau, Esq. (SBN 265572)
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for PLAINTIFF ALFONSO CAMPOS,
on behalf of himself and others similarly situated.

**ENDORSED
FILED
ALAMEDA COUNTY**

APR 2 7 2017

CLERK OF THE SUPERIOR COURT
By _____
JAIME THOMAS, Deputy

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| ALFONSO CAMPOS, on behalf of himself and others similarly situated, <br><br> PLAINTIFF, <br><br> vs. <br><br> HERTZ EQUIPMENT RENTAL CORP; HERC RENTALS INC.; THE HERTZ CORPORATION; HERTZ GLOBAL HOLDINGS, INC.; and DOES 1 to 100, Inclusive, <br><br> DEFENDANTS. | Case No.:  **RG17858299** <br><br> **CLASS ACTION** <br><br> **PLAINTIFF ALFONSO CAMPOS' COMPLAINT FOR DAMAGES AND RESTITUTION AND FOR:** <br><br> 1.  **FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7** <br><br> 2.  **FAILURE TO AUTHORIZE OR PERMIT REST PERIODS IN VIOLATION OF LABOR CODE SECTION 226.7** <br><br> 3.  **FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226** <br><br> 4.  **FAILURE TO TIMELY PAY ALL EARNED WAGES AND FINAL PAYCHECKS DUE AT TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203** <br><br> 5.  **UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, *et seq.*** |

PLAINTIFF'S COMPLAINT FOR DAMAGES
1

FILE BY
FAX

COPY

**DEMAND FOR JURY TRIAL**

**COMES NOW** Plaintiff ALFONSO CAMPOS ("Plaintiff"), who alleges and complains against Defendants HERTZ EQUIPMENT RENTAL CORP; HERC RENTALS INC.; THE HERTZ CORPORATION; HERTZ GLOBAL HOLDINGS, INC.; and DOES 1 to 100, Inclusive (collectively "Defendants") as follows:

## I.    INTRODUCTION

1.    This is a class action lawsuit seeking unpaid premium wages and interest thereon due to Defendants' policy, practice, and/or procedure of failure to authorize or permit second meal periods; failure to authorize or permit any rest periods; statutory penalties for failure to provide accurate wage statements; waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment; injunctive relief and other equitable relief; reasonable attorney's fees pursuant to California Labor Code sections 226(e); costs; and interest brought on behalf of Plaintiff and others similarly situated.

## II.    JURISDICTION AND VENUE

2.    This Court has jurisdiction over Plaintiff's and the Class Members' claims for unpaid meal period premium wages; unpaid rest period premium wages; statutory penalties for failure to provide accurate wage statements; waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment; and claims for injunctive relief and restitution under California Business & Professions Code section 17200 *et seq.* for the following reasons: Defendants operate throughout California; Defendants employed Plaintiff and/or putative class members in Alameda County; Defendants operate at 7727 Oakport Street, Oakland, CA 94621; at all relevant times, Defendants' principal place of business was located at 7727 Oakport St, Oakland, CA 94621; more than two-thirds of the putative class members are California citizens; the principal violations of California law occurred in California; no other class actions have been filed against Defendants in the last three years alleging wage and hour violations; the conduct of Defendants forms a significant basis for Plaintiff's and the Class Members' claims; and Plaintiff and the Class Members seek significant relief from Defendants.

///

**III.    PARTIES**

3.    Plaintiff brings this action on behalf of himself and other members of the general public similarly-situated.  The named Plaintiff and the class of persons on whose behalf this action is filed are current, former and/or future employees of Defendants who work as non-exempt hourly employees. At all times mentioned herein, the currently named Plaintiff is and was a resident of California and was employed by Defendants as driver, within the four years prior to the filing of the Complaint.

4.    Defendants employed Plaintiff as a driver from on or around September 5, 2005, through on around August 1, 2016.

5.    Plaintiff is informed and believes and on that basis alleges that Defendants employed Plaintiff and other non-exempt hourly employees throughout the State of California and therefore its conduct forms a significant basis of the claims asserted in this matter.

6.    Plaintiff is informed and believes and thereon alleges that Defendant HERTZ EQUIPMENT RENTAL CORP is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 1 - 20 are, and at all times relevant hereto were persons acting on behalf of HERTZ EQUIPMENT RENTAL CORP in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant HERTZ EQUIPMENT RENTAL CORP operates in Alameda County and employed Plaintiff and other putative class members in Alameda County at its business located at 7727 Oakport Street, Oakland, CA 94621.

7.    Plaintiff is informed and believes and thereon alleges that Defendant HERC RENTALS INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 21-40 are, and at all times relevant hereto were persons acting on behalf of HERC RENTALS INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant HERC RENTALS INC. operates in Alameda County and employed Plaintiff and/or other putative class members in Alameda County at its business located at 7727 Oakport Street, Oakland, CA 94621.

8.    Plaintiff is informed and believes and thereon alleges that Defendant THE HERTZ

CORPORATION is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 41-60 are, and at all times relevant hereto were persons acting on behalf of THE HERTZ CORPORATION in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant THE HERTZ CORPORATION operates in Alameda County and employed Plaintiff and/or other putative class members in Alameda County at its business located at 7727 Oakport Street, Oakland, CA 94621.

9.    Plaintiff is informed and believes and thereon alleges that Defendant HERTZ GLOBAL HOLDINGS, INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 61-80 are, and at all times relevant hereto were persons acting on behalf of HERTZ GLOBAL HOLDINGS, INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant HERTZ GLOBAL HOLDINGS, INC. operates in Alameda County and employed Plaintiff and/or other putative class members in Alameda County at its business located at 7727 Oakport Street, Oakland, CA 94621.

10.    Plaintiff is informed and believes and thereon alleges that Defendants DOES 81 - 100 are individuals unknown to Plaintiff. Each of the individual Defendants is sued individually in his or her capacity as an agent, shareholder, owner, representative, manager, supervisor, independent contractor and/or employee of each Defendant and participated in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies.

11.    Plaintiff is unaware of the true names of Defendants DOES 1 through 100. Plaintiff sues said Defendants by said fictitious names, and will amend this Complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this Complaint.

12.    Plaintiff is informed, believes, and thereon alleges that at all relevant times, each Defendant was an employer, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or

predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this Complaint. Plaintiff is further informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants. As used in this Complaint, "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears and includes HERTZ EQUIPMENT RENTAL CORP; HERC RENTALS INC.; THE HERTZ CORPORATION; HERTZ GLOBAL HOLDINGS, INC.; and DOES 1 to 100, inclusive.

13.    At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venturer of each of the other defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

14.    Plaintiff makes the allegations in this Complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff reserves all of Plaintiff rights to plead in the alternative.

## IV.    DESCRIPTION OF ILLEGAL PAY PRACTICES

15.    Pursuant to the applicable Industrial Welfare Commission ("IWC") Wage Order ("Wage Order"), codified at California Code of Regulations title 8, section 11040, Defendants are employers of Plaintiff within the meaning of the applicable Wage Order and applicable California Labor Code sections. Therefore, each of these Defendants is jointly and severally liable for the wrongs complained of herein in violation of the Wage Order and the California Labor Code.

16.    **Failure to pay hourly employees wages to compensate them for workdays Defendants failed to provide required meal periods:** Defendants often employed hourly employees, including the named Plaintiff and all others similarly-situated, for shifts longer than 10

1    hours in length.

2    17.    California law requires an employer to authorize or permit an employee an
3    uninterrupted meal period of no less than 30-minutes in which the employee is relieved of all duties
4    and the employer relinquishes control over the employee's activities prior to the employee's sixth
5    hour of work. Cal. Lab. Code §§ 226.7, 512; Wage Order 9-2001, 11; *Brinker Rest. Corp. v. Super*
6    *Ct.(Hohnbaum)* (2012) 53 Cal.4th 1004.  An employer may not employ an employee for a work
7    period of more than 10 hours per day without providing the employee with a second such meal
8    period of not less than 30 minutes prior to the start of the eleventh hour of work.  *Id.*  If the
9    employee is not relieved of all duty during a meal period, the meal period shall be considered an "on
10   duty" meal period and counted as time worked. A paid "on duty" meal period is only permitted
11   when: (1) the nature of the work prevents an employee from being relieved of all duty; and (2) the
12   parties have a written agreement agreeing to on duty meal periods.

13   18.    If an employer fails to provide an employee a meal period in accordance with the
14   law, the employer must pay the employee one hour of pay at the employee's regular rate of pay for
15   each work day that a legally required meal period was not timely provided or was not duty-free.  *Id.*

16   19.    Plaintiff and similarly situated employees would work on workdays in shifts long
17   enough to entitle them to both first and second meal periods under California law.  Despite the fact
18   that California law requires employers to authorize or permit a second off duty unpaid 30-minute
19   meal period for when they worked shifts over 10 hours in length, Defendants routinely failed to
20   authorize or permit second meal periods when employees worked shifts of more than 10 hours.

21   20.    In addition, Defendants failed to pay premium wages to Plaintiff and similarly
22   situated employees to compensate them for each workday the employees did not receive all legally
23   required duty-free meal periods.  Defendants employed policies and procedures which ensured
24   employees did not receive any premium wages to compensate them for the workdays in which they
25   did not receive all legally required meal periods.

26   21.    This practice resulted in Plaintiff and all other similarly situated employees not
27   receiving premium wages to compensate them for workdays which Defendants did not provide them
28   with second duty free meal periods, in compliance with California law.

22.    **Failure to pay hourly employees wages to compensate them for workdays Defendants failed to provide required rest periods:** Defendants often employed hourly employees, including the named Plaintiff and all others similarly-situated, for shifts at least three and one-half (3.5) hours in length.

23.    California law requires an employer to provide an employee a rest period of ten (10) net minutes for every four hours worked, "which insofar as practicable shall be in the middle of each work period." Cal. Lab. Code §226.7; Wage Order §12. Thus, employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts between six and ten hours in length, 30 minutes for shifts between 10 and 14 hours in length, and so on. *See Brinker, supra.*

24.    If the employer fails to provide a required rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day the employer did not provide all legally required rest periods. *Id.*

25.    Defendants employed policies and procedures which ensured Plaintiff and similarly situated employees would not receive legally required rest periods. Defendants did not authorize or permit and therefore failed to provide any of the legally required three rest periods of ten net minutes, including third rest periods when employees worked more than 10 hours in a shift.

26.    Defendants also employed policies and procedures which ensured Plaintiff and similarly situated employees did not receive any premium wages to compensate them for workdays that they did not receive all legally required rest periods.

27.    These practices resulted in Plaintiff and all other similarly situated employees not receiving wages to compensate them for workdays which Defendants did not provide them with all rest periods required by California law.

28.    **Pay Stub Violations:** California Labor Code section 226(a) provides, *inter alia*, that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of

the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

29.    Defendants failed to provide accurate wage and hour statements to Plaintiff and similarly situated employees who were subject to Defendants' control who did not receive the wages they earned including premium wages for missed meal and rest periods.

30.    **Failure to Pay California Employees All Wages Due at Time of Termination/Resignation:** An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination (California Labor Code section 201) or within 72 hours of resignation (California Labor Code section 202).

31.    Because Defendants failed to pay Plaintiff and other similarly situated employees all their earned wages (including unpaid meal and rest period premium wages), Defendants failed to pay those employees timely after each employee's termination and/or resignation.

## V.    CLASS DEFINITIONS AND CLASS ALLEGATIONS

32.    Plaintiff brings this action on behalf of himself, on behalf of all others similarly situated, and on behalf of the General Public, and as a member of a Class defined as follows:

A.    **Meal Period Class:** All current and former hourly non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial Complaint in this action and through the date notice is mailed to a certified class who worked shifts who worked shifts more than ten hours yet Defendants did not provide required duty-free meal periods of not less than 30 minutes prior to the start of their eleventh hour of work.

B.    Rest Period Class:  All current and former hourly non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial Complaint in this action and through the date notice is mailed to a certified class who worked

at least three and one-half (3.5) or more hours in day who did not receive required rest periods of ten net minutes rest time for every four hours worked between three and one-half and six hours, six and ten hours, or ten and fourteen hours.

C.    **Wage Statement Class:** All current and former hourly non-exempt employees employed by Defendants in California at any time within the one year prior to the filing of the initial Complaint in this action and through the date notice is mailed to a certified class who received inaccurate or incomplete wage and hour statements.

D.    **Waiting Time Class:** All current and former hourly non-exempt employees employed by Defendants in California at any time within the three years prior to the filing of the initial Complaint in this action and through the date notice is mailed to a certified class who did not receive payment of all unpaid wages upon separation of employment within the statutory time period.

E.    **California Class:** All aforementioned classes are here collectively referred to as the "California Class."

33.    There is a well defined community of interest in the litigation and the classes are ascertainable:

A.    **Numerosity:** While the exact number of class members in each class is unknown to Plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

B.    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff classes and predominate over any questions that affect only individual members of each class. The common questions of law and fact include, but are not limited to:

i.    Whether Defendants violated California Labor Code sections 512 and 226.7, as well as the applicable Wage Order, by employing Meal Period Class Members without providing all their required meal periods or paying meal period premium wages;

ii.    Whether Defendants violated the Wage Order and California Labor Code section 226.7 and the applicable Wage Order by employing Rest Period Class Members

1    without providing all their required rest periods or paying rest period premium wages;

2                       iii.     Whether Defendants failed to provide the Wage Statement Class

3    Members with accurate itemized statement at the time they received their itemized statements;

4                       iv.     Whether Defendants failed to provide the Waiting Time Class

5    Members with all of their earned wages upon separation of employment within the statutory time

6    period;

7                       v.     Whether Defendants committed unlawful business acts or practice

8    within the meaning of Business and Professions Code section 17200 *et seq.*;

9                       vi.     Whether Class Members are entitled to penalties and other relief

10   pursuant to their claims;

11                      vii.     Whether, as a consequence of Defendant's unlawful conduct, the Class

12   Members are entitled to restitution, and/or equitable relief; and

13                      viii.     Whether Defendant's affirmative defenses, if any, raise any common

14   issues of law or fact as to Plaintiff and as to the Class Members as a whole.

15           C.     **Typicality:** Plaintiff's claims are typical of the claims of the class members

16   in each of the classes.  Plaintiff and the members of the Meal Period Class sustained damages

17   arising out of Defendants' failure to provide employees all legally required meal periods and failure

18   to pay meal period premium wages as compensation.  Plaintiff and the members of the Rest Period

19   Class sustained damages arising out of Defendants' failure to provide employees all legally required

20   rest periods and failure to pay rest period premium wages as compensation.  Plaintiff and the

21   members of the Wage Statement Class sustained damages arising out of Defendants' failure to

22   furnish them with accurate itemized wage statements in compliance with California Labor Code

23   section 226.  Plaintiff and the members of the Waiting Time Class sustained damages arising out of

24   Defendants' failure to provide all unpaid yet earned wages due upon separation of employment

25   within the statutory time limit.

26           D.     **Adequacy of Representation:** Plaintiff will fairly and adequately protect the

27   interests of the members of each class. Plaintiff has no interest that is adverse to the interests of the

28   other class members.

E.      **Superiority:** A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of each class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The expenses and burdens of individual litigation would make it difficult or impossible for individual members of each class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

F.      **Public Policy Consideration:** Employers throughout the state violate wage and hour laws. Current employees often are afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees fear bringing actions because they perceive their former employers can blacklist them in their future endeavors with negative references and by other means. Class actions provide the class members who are not named in the Complaint with a type of anonymity that allows for vindication of their rights.

## I.      FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF

### CALIFORNIA LABOR CODE SECTIONS 512 AND 226.7 AND THE WAGE ORDER

#### (As Against all Defendants and DOE Defendants by the Meal Period Class)

34.      Plaintiff hereby incorporates by reference paragraphs 1-33 above, as if fully set herein by reference.

35.      At all times relevant to this Complaint, Plaintiff and the members of the Meal Period Class were hourly non-exempt employees of Defendants, covered by California Labor Code sections 512 and 226.7 and the Wage Order.

36.      California law requires an employer to provide an employee an uninterrupted meal period of no less than 30-minutes in which the employee is relieved of all duties and the employer

relinquishes control over the employee's activities no later than the employee's sixth hour of work. Cal. Lab. Code §§ 226.7, 512; Wage Order §11; *Brinker Rest. Corp. v. Super Ct.(Hohnbaum)* (2012) 53 Cal.4th 1004. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second such meal period of not less than 30 minutes by no later than the start of the eleventh hour of work. *Id.* If the employee is not relieved of all duty during a meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. A paid "on duty" meal period is only permitted when: (1) the nature of the work prevents an employee from being relieved of all duty; and (2) the parties have a written agreement agreeing to on duty meal periods.

37.    Plaintiff and similarly situated employees also would work on workdays in shifts long enough to entitle them to second meal periods under California law. Defendants employed a policy and procedure that did not provide at all for a second 30-minute meal period when the employees worked shifts of more than ten hours

38.    Defendants routinely failed to authorize or permit second meal periods altogether when employees worked shifts of more than 10 hours.

39.    Defendants also failed to provide premium wages to Plaintiff and similarly situated employees to compensate them for workdays they did not receive their legally required duty free second meal periods. Defendants employed policies and procedures which ensured employees did not receive premium wages to compensate them for workdays that they did not receive a second meal period. This practice resulted in Plaintiff and all other similarly situated employees not receiving premium wages to compensate them for workdays which Defendants failed to authorize or permit all required second meal periods, in compliance with California law.

40.    Defendants' policies and procedures prevented Plaintiff and other Meal Period Class Members from timely receiving and/or receiving all legally required meal periods or Defendants from providing such meal periods to Plaintiff and other Meal Period Class Members during workdays the employees worked more than ten hours in one shift.

41.    Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all others similarly situated and such conduct has continued through the filing of this

1  Complaint.

2      42.    Because Defendants failed to provide proper meal periods, they are liable to Plaintiff

3  and the Meal Period Class Members for one hour of additional pay at the regular rate of

4  compensation for each workday that the proper meal period was not provided, pursuant to California

5  Labor Code section 226.7 and the Wage Order.

6      43.    Plaintiff, on behalf of himself and the Meal Period Class, seeks damages and all

7  other relief allowable, including a meal period premium wage for each workday Defendants failed

8  to provide all required 30-minute uninterrupted meal periods, plus pre-judgment interest.

9                          **II.    SECOND CAUSE OF ACTION**

10  **FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CALIFORNIA**

11              **LABOR CODE SECTION 226.7 AND THE WAGE ORDER**

12        **(As Against all Defendants and DOE Defendants by the Rest Period Class)**

13      44.    Plaintiff hereby incorporates by reference paragraphs 1-43 above, as if fully set

14  herein by reference.

15      45.    At all times relevant to this Complaint, Plaintiff and the members of the Rest Period

16  Class were hourly non-exempt employees of Defendants, covered by California Labor Code section

17  226.7 and the Wage Order.

18      46.    California law requires an employer to authorize or permit an employee to take a rest

19  period of ten (10) net minutes for every four hours worked. Cal. Lab. Code §226.7; Wage Order

20  §12. Such rest periods must be in the middle of the four-hour period "insofar as practicable." *Id.* If

21  the employer fails to provide any required rest period, the employer must pay the employee one hour

22  of pay at the employee's regular rate of compensation for each work day the employer did not

23  provide at least one legally required rest period. *Id.*

24      47.    Defendants failed to provide Plaintiff and the Class Members all required rest

25  periods and failed to pay premium wages to Plaintiff and similarly situated employees to

26  compensate them for each workday they did not receive all legally required rest periods. Defendants

27  employed policies and procedures which ensured Plaintiff and similarly situated employees would

28  not receive all legally required rest periods.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
13

48.    Defendants employed policies and procedures which ensured Plaintiff and similarly situated employees did not receive any premium wages to compensate them for workdays that they did not receive all legally required rest periods.

49.    This practice resulted in Defendants failing to pay Plaintiff and all other similarly situated employees premium wages to compensate them for workdays in which Defendants did not provide the employees with all required rest periods, in violation of California law.

50.    Plaintiff, on behalf of himself and on behalf of the Rest Period Class, seeks damages and all other relief allowable including: rest period premium wages for each workday the employee was not provided with all required rest periods of ten net minutes; and prejudgment interest.

51.    Pursuant to California Labor Code section 226.7 and the Wage Order, Plaintiff and the Rest Period Class Members are entitled to one hour of pay for each workday Defendants failed to provide all required rest periods, plus pre-judgment interest.

### III.    THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS, IN

### VIOLATION OF LABOR CODE SECTION 226

**(As Against all Defendants and DOE Defendants by the Wage Statement Class)**

52.    Plaintiff hereby incorporates by reference paragraphs 1-51 above, as if fully set herein by reference.

53.    At all times relevant to this Complaint, Plaintiff and the other members of the Wage Statement Class were hourly non-exempt employees of Defendants, covered by California Labor Code section 226.

54.    Pursuant to California Labor Code section 226, subdivision (a), Plaintiff and the other members of the class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the

employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

55.     Moreover, Defendants' illegal wage practices, including but not limited to Defendants' failure to pay meal and rest period premium wages resulted in Defendants providing their hourly employees with inaccurate itemized wage statements in violation of California Labor Code section 226.

56.     Defendants provided Plaintiff and members of the Wage Statement Class with itemized statements which stated inaccurate information including, but not limited to, the gross and net pay, and all applicable hourly rates and earnings at each rate.

57.     Defendants' failure to provide Plaintiff and members of the Wage Statement Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and members of the Class with accurate wage statements but intentionally provided wage statements it knew were not accurate. Defendants knowingly and intentionally put in place practices which deprived employees of wages and resulted in Defendants' knowing and intentional providing of inaccurate wage statements. These practices included Defendants' failure to include all hours worked and all wages due.

58.     As a result of Defendants' unlawful conduct, Plaintiff and members of the Class have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to Defendants' unlawful pay practices, will require discovery and mathematical computations to determine the amount of wages owed, and will cause difficulty and expense in attempting to reconstruct time and pay records. Defendants' conduct led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies. As a result, Plaintiff and similarly situated employees are required to participate in this lawsuit and create more difficulty and expense for Plaintiff and similarly situated employees from having to reconstruct time and pay records than if Defendants had complied with

1   their legal obligations.

2       59.    Pursuant to California Labor Code section 226(e), Plaintiff and members of the

3   Wage Statement Class are entitled to recover fifty dollars per employee for the initial pay period in

4   which a Section 226 violation occurred and one hundred dollars per employee per violation for each

5   subsequent pay period, not to exceed an aggregate penalty of four thousand dollars per employee.

6       60.    Pursuant to California Labor Code Section 226(h), Plaintiff and members of the

7   Wage Statement Class are entitled to bring an action for injunctive relief to ensure Defendants'

8   compliance with California Labor Code section 226(a). Injunctive relief is warranted because

9   Defendants continue to provide currently employed members of the Class with inaccurate wage

10  statements in violation of California Labor Code section 226(a) and currently employed members of

11  the Class have no adequate legal remedy for the continuing injuries that will be suffered as a result

12  of Defendants' ongoing unlawful conduct.  Injunctive relief is the only remedy available for ensuring

13  Defendants' compliance with California Labor Code section 226(a).

14      61.    Pursuant to California Labor Code sections 226(e) and 226(h), Plaintiff and members

15  of the Wage Statement Class are entitled to recover the full amount of penalties due under Section

16  226(e), reasonable attorneys' fees, and costs of suit.

17                      **IV.    FOURTH CAUSE OF ACTION**

18  **FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT, IN**

19              **VIOLATION OF LABOR CODE SECTIONS 201 AND 202**

20          **(As Against all Defendants and DOE Defendants by the Waiting Time Class)**

21      62.    Plaintiff hereby incorporates by reference paragraphs 1-61 above, as if fully set

22  herein by reference.

23      63.    At all times relevant to this Complaint, Plaintiff and the other members of the

24  Waiting Time Class were hourly non-exempt employees of Defendants, covered by California Labor

25  Code sections 201 or 202.

26      64.    Pursuant to California Labor Code sections 201 and 202, Plaintiff and members of

27  the Waiting Time Class were entitled upon termination to timely payment of all wages earned and

28  unpaid prior to termination.  Discharged employees were entitled to payment of all wages earned

- **PLAINTIFF'S COMPLAINT FOR DAMAGES**
16

and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

65.    Defendants failed to pay Plaintiff and members of the Waiting Time Class all wages earned and unpaid prior to separation of employment, in accordance with either California Labor Code section 201 or 202. Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations period applicable to this cause of action Defendants maintained a policy or practice of not paying hourly employees all earned wages timely upon separation of employment.

66.    Defendants' failure to pay Plaintiff and members of the Waiting Time Class all wages earned prior to separation of employment timely in accordance with California Labor Code sections 201 and 202 was willful. Defendants had the ability to pay all wages earned by hourly workers prior to separation of employment in accordance with California Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of California Labor Code sections 201 and 202. Defendants' practices include failing to pay at least minimum wage for all time worked, failing to pay premium wages for workdays Defendants did not provide employees all meal periods in compliance with California law, and failing to pay premium wages for workdays Defendants did not provide employees all rest periods in compliance with California law. When Defendants failed to pay its hourly workers all earned wages timely upon separation of employment, it knew what they were doing and intended to do what it did.

67.    Pursuant to either California Labor Code section 201 or 202, Plaintiff and members of the Waiting Time Class are entitled to all wages earned prior to separation of employment that Defendants did not pay them.

68.    Pursuant to California Labor Code section 203, Plaintiff and members of the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon separation until paid, up to a maximum of 30 days.

69.    As a result of Defendants' conduct, Plaintiff and members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages

earned prior to separation.

70.    As a result of Defendants' conduct, Plaintiff and members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under California Labor Code section 203.

71.    Plaintiff and members of the Waiting Time Class are entitled to recover the full amount of their unpaid wages, continuation wages under Section 203, and interest thereon.

## V.    FIFTH CAUSE OF ACTION

## UNFAIR COMPETITION

### (Against All Defendants and Doe Defendants by the California Class)

72.    Plaintiff hereby incorporates by reference paragraphs 1-71 above, as if fully set herein by reference.

73.    The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of California Business and Professions Code Section 17200. This unfair conduct includes Defendants' use of policies and procedures which resulted in: failure to provide all required meal periods or pay meal period premium wages; failure to authorize or permit, or provide, all required rest periods or pay rest period premium wages; failure to provide accurate wage and hour statements; and failure to pay timely all wages due upon separation of employment.  Due to their unfair and unlawful business practices in violation of the California Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to pay employees for all hours worked, to provide meal periods or pay meal period premium wages, to authorize or permit rest periods or pay rest period premium wages, to provide accurate wage and hour statements, and to timely pay all wages due upon separation of employment.

74.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and members of the Meal Period Class, Rest Period Class, Wage Statement Class, and Waiting Time Class have suffered injury in fact and lost money or property, as described in more detail above.

75.    Pursuant to California Business and Professions Code Section 17203, Plaintiff and members of the Meal Period Class, Rest Period Class, Wage Statement Class, and Waiting Time

1    Class are entitled to restitution of all wages and other monies rightfully belonging to them that

2    Defendants failed to pay and wrongfully retained by means of their unlawful and unfair business

3    practices. Plaintiff also seeks an injunction against Defendants on behalf of the California Class

4    enjoining Defendants, and any and all persons acting in concert with them, from engaging in each of

5    the unlawful practices, policies and patterns set forth herein.

**PRAYER FOR RELIEF**

7        WHEREFORE, PLAINTIFF, ON HIS BEHALF AND ON BEHALF OF THOSE

8    SIMILARLY-SITUATED, PRAYS AS FOLLOWS:

9        ON THE FIRST, SECOND, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION:

10        1.    That the Court determine that this action may be maintained as a class action (for the

11    entire California Class and/or any and all of the specified sub-classes) pursuant to California Code

12    of Civil Procedure section 382 and any other applicable law;

13        2.    That the named Plaintiff be designated as class representative for the California Class

14    (and all sub-classes thereof);

15        3.    A declaratory judgment that the practices complained herein are unlawful; and,

16        4.    An injunction against Defendants enjoining them, and any and all persons acting in

17    concert with them, from engaging in each of the unlawful practices, policies and patterns set forth

18    herein.

**ON THE FIRST CAUSE OF ACTION:**

20        1.    That Defendants be found to have violated the meal period provisions of the

21    California Labor Code and the Wage Order as to Plaintiff and the Meal Period Class;

22        2.    For damages, according to proof, including unpaid premium wages;

23        3.    For any and all legally applicable penalties;

24        4.    For pre-judgment interest, including but not limited to that recoverable under

25    California Labor Code section 218.6, and post-judgment interest; and

26        5.    For such and other further relief, in law and/or equity, as the Court deems just or

27    appropriate.

28    ///

**ON THE SECOND CAUSE OF ACTION:**

1.      That Defendants be found to have violated the rest period provisions of the California Labor Code and the Wage Order as to Plaintiff and the Rest Period Class;

2.      For damages, according to proof, including unpaid premium wages;

3.      For any and all legally applicable penalties;

4.      For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 218.6, and post-judgment interest; and

5.      For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE THIRD CAUSE OF ACTION:**

1.      That Defendants be found to have violated the provisions of the California Labor Code regarding accurate itemized paystubs as to the Wage Statement Class;

2.      For damages and/or penalties, according to proof, including damages and/or statutory penalties under California Labor Code section 226(e) and any other legally applicable damages or penalties;

3.      For pre-judgment interest and post-judgment interest;

4.      For an injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in violations of California Labor Code section 226(a);

5.      For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code section 226(e); and,

6.      For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE FOURTH CAUSE OF ACTION:**

1.      That Defendants be found to have violated the provisions of the California Labor Code regarding payment of all unpaid wages due upon resignation or termination as to the Waiting Time Class;

2.      For damages and/or penalties, according to proof, including damages and/or statutory penalties under California Labor Code section 203 and any other legally applicable damages or

1    penalties;

2        3.      For pre-judgment interest, including under California Labor Code section 218.6, and

3    post-judgment interest; and,

4        4.      For such and other further relief, in law and/or equity, as the Court deems just or

5    appropriate.

6                       **ON THE FIFTH CAUSE OF ACTION:**

7        1.      That Defendants be found to have violated California Business and Professions Code

8    section 17200, et seq., for the conduct alleged herein as to all Classes;

9        2.      A declaratory judgment that the practices complained herein are unlawful;

10       3.      An injunction against Defendants enjoining them, and any and all persons acting in

11   concert with them, from engaging in each of the unlawful practices, policies and patterns set forth

12   herein;

13       4.      For restitution to the full extent permitted by law; and,

14       5.      For such and other further relief, in law and/or equity, as the Court deems just or

15   appropriate.

16

17   Dated:  April 27, 2017              Respectfully submitted,
                                         **LAVI & EBRAHIMIAN, LLP**

18

19

20                                       By: _____

21                                           Joseph Lavi, Esq.
                                             Vincent C. Granberry, Esq.
                                             Vanessa Kamau, Esq.
22                                           Attorneys for PLAINTIFF
                                             ALFONSO CAMPOS
23                                           and Other Class Members

24   ///

25   ///

26   ///

27

28   ///

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
21

1

## DEMAND FOR JURY TRIAL

2          PLAINTIFF ALFONSO CAMPOS demands a trial by jury for himself and the California

3    Class on all claims so triable.

4

5    Dated:  April 27, 2017                          Respectfully submitted,
                                                     **LAVI & EBRAHIMIAN, LLP**
6

7

8                                           By: _____

9                                                Joseph Lavi, Esq.
                                                 Vincent C. Granberry, Esq.
10                                               Vanessa Kamau, Esq.
                                                 Attorneys for PLAINTIFF
11                                               ALFONSO CAMPOS
                                                 and Other Class Members
12

13

14

15

16

17

18

19

20.

21

22

23

24

25

26

27

28

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** HERTZ EQUIPMENT RENTAL CORP; HERC
*(AVISO AL DEMANDADO):* RENTALS INC.; THE HERTZ
CORPORATION; HERTZ GLOBAL HOLDINGS, INC.; and DOES 1
to 100, Inclusive

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED
FILED
ALAMEDA COUNTY**

APR 2 7 2017

CLERK OF THE SUPERIOR COURT
By _____
JANE THOMAS, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** ALFONSO CAMPOS, on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of himself
and others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
George E. McDonald Hall of Justice
2233 Shoreline Drive
Alameda, California 94501

CASE NUMBER:
*(Número del Caso):* 17858299

FILE BY
FAX

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Lavi, Esq. (SBN 209776)    Phone: (310) 432-0000  Fax: (310) 432-0001
Vanessa Kamau, Esq. (SBN 265572)
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd., Suite 200, Beverly Hills, California 90211

DATE:  APR 2 7 2017    Chad Finke    Clerk, by _____ , Deputy
*(Fecha)*        *(Secretario)*        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* The Hertz Corporation
   under:  ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
® Plus

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** HERTZ EQUIPMENT RENTAL CORP; HERC
*(AVISO AL DEMANDADO):* RENTALS INC.; THE HERTZ
CORPORATION; HERTZ GLOBAL HOLDINGS, INC.; and DOES 1
to 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** ALFONSO CAMPOS, on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of himself
and others similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

APR 27 2017

CLERK OF THE SUPERIOR COURT
By _____
JANE THOMAS, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: | **CASE NUMBER:** *(Número del Caso)* | RG 17858299
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
George E. McDonald Hall of Justice
2233 Shoreline Drive
Alameda, California 94501

FILE BY
FAX

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Lavi, Esq. (SBN 209776)   Phone: (310) 432-0000 Fax: (310) 432-0001
Vanessa Kamau, Esq. (SBN 265572)
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd., Suite 200, Beverly Hills, California 90211

**DATE:** APR 27 2017        Chad Finke       Clerk, by _____, Deputy
*(Fecha)*                              *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* HERC RENTALS INC.
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
& Plus

Code of Civil Procedure §

1  Joseph Lavi, Esq. (SBN 209776)
   Vincent C. Granberry, Esq. (SBN 276483)
2  Vanessa Kamau, Esq. (SBN 265572)
   **LAVI & EBRAHIMIAN, LLP**
3  8889 W. Olympic Blvd., Suite 200
   Beverly Hills, California 90211
4  Telephone: (310) 432-0000
   Facsimile: (310) 432-0001
5
   Attorneys for PLAINTIFF ALFONSO CAMPOS,
6  on behalf of himself and others similarly situated.

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                    FOR THE COUNTY OF ALAMEDA

9

10 ALFONSO CAMPOS, on behalf of himself and        Case No.RG17858299
   others similarly situated,
11                                                 *[Assigned for all purposes to the Hon. Rene C.*
           PLAINTIFF,                               *Davidson , Dept. 30]*
12 vs.
                                                   **PLAINTIFF ALFONSO CAMPOS'S**
13 HERTZ EQUIPMENT RENTAL CORP;                    **NOTICE OF FILING PROOF OF**
   HERC RENTALS INC.; THE HERTZ                    **SERVICE OF SUMMONS AND**
14 CORPORATION; HERTZ GLOBAL                       **COMPLAINT ON DEFENDANT**
   HOLDINGS, INC.; and DOES 1 to 100,              **HERTZ GLOBAL HOLDINGS, INC.**
15 Inclusive,

16         DEFENDANTS

17 **TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF**

   **RECORD:**
18
           Plaintiff ALFONSO CAMPOS hereby submits the Proof of Service of Summons and
19
   Complaint on Defendant HERTZ GLOBAL HOLDINGS, INC. A true and correct copy of the Proof
20
   of Service of Summons on the aforementioned Defendant is hereto attached as **Exhibit 1.**
21

22 Dated:  May 24, 2017                    Respectfully submitted,
                                           **LAVI & EBRAHIMIAN, LLP**
23

24                                 By; _____

25                                         Joseph Lavi, Esq.
                                           Vincent C. Granberry, Esq.
26                                         Vanessa Kamau, Esq.
                                           Attorneys for PLAINTIFF
27                                         ALFONSO CAMPOS,
                                           on behalf of himself
28                                         and others similarly situated.

**PLAINTIFF ALFONSO CAMPOS'S NOTICE OF FILING PROOF OF SERVICE OF SUMMONS AND COMPLAINT**
**ON DEFENDANT HERTZ GLOBAL HOLDINGS, INC.**
1

# "Exhibit 1"

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)<br>JOSEPH LAVI SBN 209776<br>8889 W OLYMPIC BLVD STE 200<br><br>BEVERLY HILLS        CA            90211<br>ATTORNEY FOR (Name         Plaintiff<br>Insert of Court Name of Judicial District and Branch Court if any<br>LOS ANGELES SUPERIOR COURT, ALAMEDA | TELEPHONE NO.<br>(310) 432-0000 | FOR COURT USE ONLY |
|---|---|---|

| SHORT TITLE OF CASE<br>CAMPOS vs. HERTZ EQUIPMENT RENTAL (CLASS) | | |
|---|---|---|
| 3162387        (HEARING) Date        Time        Dept | | Case Number:<br>RG17858299 |
| | | REFERENCE NO.<br>CAMPOS vs. HERTZ EQUIPMENT |

## PROOF OF SERVICE OF SUMMONS

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION
2. I SERVED COPIES OF THE:

> SUMMONS & COMPLAINT
> CIVIL CASE COVER SHEET

3. a. PARTY SERVED:    HERTZ GLOBAL HOLDINGS, INC.

   b.            Larry Silber, President & CEO

4. ADDRESS:        7727 Oakport St
                   Oakland            CA            94621
5. I SERVED THE PARTY IN 3A BY SUBSTITUTED SERVICE
        ON    5/3/2017    AT    12:25:00 PM
   b.    BY LEAVING THE DOCUMENTS LISTED IN 2  WITH OR IN THE PRESENCE OF:
        (JOHN DOE), PERSON APPARENTLY IN CHARGE
        CAUCASIAN MALE 50YRS 170LBS. BROWN HAIR
        (1) (BUSINESS) A PERSON AT LEAST 18 YEARS OF AGE APPARENTLY IN CHARGE AT THE OFFICE OR
            USUAL PLACE OF BUSINESS OF THE PERSON TO BE SERVED. I INFORMED HIM OR HER OF THE
            GENERAL NATURE OF THE PAPERS
        (4) A DECLARATION OF MAILING IS ATTACHED IF REQUIRED
        (5) A DECLARATION OF DILIGENCE IS ATTACHED IF REQUIRED
6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:
   d. ON BEHALF OF:    HERTZ GLOBAL HOLDINGS, INC.

            Larry Silber, President & CEO

        UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION : 416.10 (CORPORATION)

| 7a. Person Serving:        Damon        Pulido | d. The fee for service was        $51.86<br>e. I am: |
|---|---|
| b. DDS Legal Support<br>2900 Bristol St<br>Costa Mesa, Ca 92626 | (1)    not a registered California process server:<br>(3) X    registered California process server:<br>(i) Independent Contractor |
| c. (714) 662-5555 | (i) Registration No:                                849 |
| 8. I declare under the penalty of perjury under the laws of the State of California that the<br>foregoing is true and correct.    Damon        Pulido<br>    5/16/2017 | (i) County:    CONTRA COSTA |
| | X                                            SIGNATURE |

Form Approved for Optional Use Judicial
Council of California
POS-010 [REV Jan 1 2007]

## PROOF OF SERVICE

CRC 982(A)(23)

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|---|
| JOSEPH LAVI SBN 209776<br>8889 W OLYMPIC BLVD STE 200<br>BEVERLY HILLS        CA              90211 | | (310) 432-0000 | |
| ATTORNEY FOR (Name          Plaintiff | | | |

Insert of Court Name of Judicial District and Branch Court if any
LOS ANGELES SUPERIOR COURT, ALAMEDA

SHORT TITLE OF CASE
CAMPOS vs. HERTZ EQUIPMENT RENTAL (CLASS)

| 3162387 | (HEARING) Date | Time | Dept | Case Number:<br>RG17858299 |
|---|---|---|---|---|
| | | | | REFERENCE NO.<br>CAMPOS vc. HERTZ EQUIPMENT |

### PROOF OF SERVICE BY MAIL

1. I AM EMPLOYED IN, OR A RESIDENT OF, THE COUNTY IN WHICH THE MAILING OCCURED, AND NOT A PARTY TO THIS ACTION.  AT THE TIME OF MAILING, I WAS AT LEAST 18 YEARS OF AGE OR OLDER

ON   05/04/2017

5. b (4)  AFTER SUBSTITUTED SERVICE UNDER SECTION 415.20 (a) or 415.20 (b) or 415.46 C.C.P. WAS MADE. I SERVED THE WITHIN:

SUMMONS & COMPLAINT
CIVIL CASE COVER SHEET

ON THE DEFENDANT IN SAID ACTION BY PLACING A TRUE COPY THEREOF ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON PREPAID FOR FIRST CLASS IN THE UNITED STATES MAIL AT:  COSTA MESA, CALIFORNIA, ADDRESSED AS FOLLOWS:

HERTZ GLOBAL HOLDINGS, INC.

Larry Silber, President & CEO
7727 Oakport St
Oakland              CA           .           94621

DECLARANT:  MONICA FIGUEROA

d. The fee for service was          $51.86
e. I am:

(1)  X     not a registered California process server:
(3)           registered California process server:
   (i)  Employee
   (i) Registration No:
   (i) County:  Orange

b. DDS Legal Support
2900 Bristol St
Costa Mesa, Ca 92626

c. (714) 662-5555

8. I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.    MONICA FIGUEROA

5/16/2017

x _____
                                   SIGNATURE

### PROOF OF SERVICE

1

**CAMPOS v. HERTZ EQUIPMENT RENTAL CORP. et. al.**    **Case No. RG17858299**

2

**PROOF OF SERVICE**
3          **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4          I am an employee in the County of Los Angeles, State of California. I am over the age of 18
and not a party to the within action; my business address is 8889 W. Olympic Blvd., Suite 200,
5    Beverly Hills, California 90211.

6          On May 24, 2017, I served the foregoing document, described as:

7    **"PLAINTIFF ALFONSO CAMPOS'S NOTICE OF FILING PROOF OF SERVICE OF
SUMMONS AND COMPLAINT ON DEFENDANT HERTZ GLOBAL HOLDINGS, INC."**
8
on all interested parties in this action as follows:

| 9, 10, 11 | |
|---|---|
| Hertz Equipment Rental Corp.<br>7727 Oakport Street<br>Oakland, CA 94621 | Herc Rentals Inc.<br>c/o: CT Corporation<br>818 W. 7Th Street, Suite 930<br>Los Angeles, CA 90017 |
| The Hertz Corporation<br>c/o: CT Corporation<br>818 W. 7Th Street, Suite 930<br>Los Angeles, CA 90017 | Hertz Global Holdings, Inc.<br>7727 Oakport Street<br>Oakland, CA 94621 |

14

15  ☒     **(BY MAIL)** As follows:

16          I placed such envelope, with postage thereon prepaid, in the United States mail at Los
Angeles, California. I am "readily familiar" with the firm's practice of collecting and
17    processing correspondence for mailing. Under that practice, it would be deposited with the
U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles,
18    California, in the ordinary course of business. I am aware that, on motion of the party served,
service is presumed invalid if the postal cancellation or postage meter date is more than one
19    day after the date of deposit for mailing in this affidavit.

20  ☐     **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the
attorney at the offices of the addressee.

21
22  ☒     **(STATE)** I declare, under penalty of perjury under the laws of the State of California, that
the above is true and correct.

23    Executed on May 24, 2017, at Beverly Hills, California.

24

25                                                     _____
26                                                              Siklali Gonzalez

27

28

PLAINTIFF ALFONSO CAMPOS'S NOTICE OF FILING PROOF OF SERVICE OF SUMMONS AND COMPLAINT
ON DEFENDANT HERTZ GLOBAL HOLDINGS, INC.
2

- 39 -

1
Joseph Lavi, Esq. (SBN 209776)
Vincent C. Granberry, Esq. (SBN 276483)
2
Vanessa Kamau, Esq. (SBN 265572)
**LAVI & EBRAHIMIAN, LLP**
3
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
4
Telephone: (310) 432-0000
Facsimile: (310) 432-0001
5

6
Attorneys for PLAINTIFF ALFONSO CAMPOS,
on behalf of himself and others similarly situated.

7
## SUPERIOR COURT OF THE STATE OF CALIFORNIA

8
## FOR THE COUNTY OF ALAMEDA

9

10
ALFONSO CAMPOS, on behalf of himself and
others similarly situated,

Case No.RG17858299

11
            PLAINTIFF,

            vs.

*[Assigned for all purposes to the Hon. Rene C. Davidson , Dept. 30]*

12

13
HERTZ EQUIPMENT RENTAL CORP;
HERC RENTALS INC.; THE HERTZ
CORPORATION; HERTZ GLOBAL
14
HOLDINGS, INC.; and DOES 1 to 100,
Inclusive,

**PLAINTIFF ALFONSO CAMPOS'S NOTICE OF FILING PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANT HERTZ EQUIPMENT RENTAL CORP**

15

            DEFENDANTS
16

17
**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF**

**RECORD:**
18

19
        Plaintiff ALFONSO CAMPOS hereby submits the Proof of Service of Summons and

20
Complaint on Defendant HERTZ EQUIPMENT RENTAL CORP. A true and correct copy of the

21
Proof of Service of Summons on the aforementioned Defendant is hereto attached as **Exhibit 1.**

22
Dated:  May 24, 2017

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**
23

24
By: _____

25
            Joseph Lavi, Esq.
            Vincent C. Granberry, Esq.
26
            Vanessa Kamau, Esq.
            Attorneys for PLAINTIFF
27
            ALFONSO CAMPOS,
            on behalf of himself
28
            and others similarly situated.

---

**PLAINTIFF ALFONSO CAMPOS'S NOTICE OF FILING PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANT HERTZ EQUIPMENT RENTAL CORP**

1

# "Exhibit 1"

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)<br>JOSEPH LAVI SBN 209776<br>8889 W Olympic Blvd STE 200<br><br>Beverly Hills    CA    90211<br>ATTORNEY FOR (Name    Plaintiff | TELEPHONE NO.<br>(310) 432-0000 | FOR COURT USE ONLY |
|---|---|---|
| Insert of Court Name of Judicial District and Branch Court If any<br>ALAMEDA COUNTY SUPERIOR COURT ALAMEDA | | |
| SHORT TITLE OF CASE<br>CAMPOS v HERTZ EQUIPMENT RENTAL (CLASS) | | |

| 3162376    (HEARING) Date    Time    Dept | Case Number:<br>RG17858299 |
|---|---|
| | REFERENCE NO.<br>CAMPOS v HERTZ EQUIPMENT |

### PROOF OF SERVICE OF SUMMONS

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION
2. I SERVED COPIES OF THE:
   SUMMONS & COMPLAINT
   CIVIL CASE COVER SHEET

3. a. PARTY SERVED:    HERTZ EQUIPMENT RENTAL CORP.

   b.    Larry Silber, President & CEO

4. ADDRESS:    7727 Oakport St
   Oakland    CA    94621
5. I SERVED THE PARTY IN 3A BY SUBSTITUTED SERVICE
   ON    5/3/2017    AT    12:25:00 PM
   b.  BY LEAVING THE DOCUMENTS LISTED IN 2  WITH OR IN THE PRESENCE OF:
       (JOHN DOE), PERSON APPARENTLY IN CHARGE
       CAUCASIAN MALE 50YRS 170LBS· BROWN HAIR
       (1) (BUSINESS) A PERSON AT LEAST 18 YEARS OF AGE APPARENTLY IN CHARGE AT THE OFFICE OR
       USUAL PLACE OF BUSINESS OF THE PERSON TO BE SERVED. I INFORMED HIM OR HER OF THE
       GENERAL NATURE OF THE PAPERS
       (4) A DECLARATION OF MAILING IS ATTACHED IF REQUIRED
       (5) A DECLARATION OF DILIGENCE IS ATTACHED IF REQUIRED
6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:
   d. ON BEHALF OF:    HERTZ EQUIPMENT RENTAL CORP.

   Larry Silber, President & CEO

   UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION : 416.10 (CORPORATION)

| 7a. Person Serving:    Damon    Pulido | d. The fee for service was    $135.76 |
|---|---|
| | e. I am: |
| b. DDS Legal Support<br>2900 Bristol St<br>Costa Mesa, Ca 92626 | (1)    not a registered California process server:<br>(3) X    registered California process server:<br>(i) Independent Contractor |
| c. (714) 662-5555 | (i) Registration No:    849 |
| 8. I declare under the penalty of perjury under the laws of the State of California that the<br>foregoing is true and correct.    Damon    Pulido<br>5/16/2017 | (i) County:    CONTRA COSTA |
| | X<br>SIGNATURE |

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)<br>JOSEPH LAVI SBN 209776<br>8889 W Olympic Blvd STE 200<br><br>Beverly Hills    CA    90211<br>ATTORNEY FOR (Name    Plaintiff | TELEPHONE NO.<br>(310) 432-0000 | FOR COURT USE ONLY |

Insert of Court Name of Judicial District and Branch Court if any
ALAMEDA COUNTY SUPERIOR COURT ALAMEDA

SHORT TITLE OF CASE
CAMPOS v HERTZ EQUIPMENT RENTAL (CLASS)

| 3162376 | (HEARING) Date | Time | Dept. | Case Number:<br>RG17858299 |
| | | | | REFERENCE NO.<br>CAMPOS v HERTZ EQUIPMENT |

## PROOF OF SERVICE BY MAIL

1. I AM EMPLOYED IN, OR A RESIDENT OF, THE COUNTY IN WHICH THE MAILING OCCURED, AND NOT A PARTY TO THIS ACTION. AT THE TIME OF MAILING, I WAS AT LEAST 18 YEARS OF AGE OR OLDER

ON  05/04/2017

5. b (4)  AFTER SUBSTITUTED SERVICE UNDER SECTION 415.20 (a) or 415.20 (b) or 415.46 C.C.P. WAS MADE. I SERVED THE WITHIN:

SUMMONS & COMPLAINT
CIVIL CASE COVER SHEET

ON THE DEFENDANT IN SAID ACTION BY PLACING A TRUE COPY THEREOF ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON PREPAID FOR FIRST CLASS IN THE UNITED STATES MAIL AT:  COSTA MESA, CALIFORNIA, ADDRESSED AS FOLLOWS:

HERTZ EQUIPMENT RENTAL CORP.

Larry Silber, President & CEO
7727 Oakport St
Oakland    CA    94621

DECLARANT:  MONICA FIGUEROA

d. The fee for service was    $135.76
e. I am:
   (1)  X   not a registered California process server:
   (3)   registered California process server:
      (i) Employee
      (i) Registration No:
      (i) County:  Orange

b. DDS Legal Support
2900 Bristol St
Costa Mesa, Ca 92626

c. (714) 662-5555

8. I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.  MONICA FIGUEROA

5/16/2017

X _____
SIGNATURE

## PROOF OF SERVICE

**CAMPOS v. HERTZ EQUIPMENT RENTAL CORP. et. al.**      **Case No. RG17858299**

## PROOF OF SERVICE
### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 8889 W. Olympic Blvd., Suite 200, Beverly Hills, California 90211.

On May 24, 2017, I served the foregoing document, described as:

**"PLAINTIFF ALFONSO CAMPOS'S NOTICE OF FILING PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANT HERTZ EQUIPMENT RENTAL CORP"**

on all interested parties in this action as follows:

| | |
|---|---|
| Hertz Equipment Rental Corp.<br>7727 Oakport Street<br>Oakland, CA 94621 | Herc Rentals Inc.<br>c/o: CT Corporation<br>818 W. 7Th Street, Suite 930<br>Los Angeles, CA 90017 |
| The Hertz Corporation<br>c/o: CT Corporation<br>818 W. 7Th Street, Suite 930<br>Los Angeles, CA 90017 | Hertz Global Holdings, Inc.<br>7727 Oakport Street<br>Oakland, CA 94621 |

☒  **(BY MAIL)** As follows:

I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☐  **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the attorney at the offices of the addressee.

☒  **(STATE)** I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on May 24, 2017, at Beverly Hills, California.

Sildali Gonzalez

**PLAINTIFF ALFONSO CAMPOS'S NOTICE OF FILING PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANT HERTZ EQUIPMENT RENTAL CORP**

2

1  Joseph Lavi, Esq. (SBN 209776)
   Vincent C. Granberry, Esq. (SBN 276483)
2  Vanessa Kamau, Esq. (SBN 265572)
   **LAVI & EBRAHIMIAN, LLP**
3  8889 W. Olympic Blvd., Suite 200
   Beverly Hills, California 90211
4  Telephone: (310) 432-0000
   Facsimile: (310) 432-0001
5
   Attorneys for PLAINTIFF ALFONSO CAMPOS,
6  on behalf of himself and others similarly situated.

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                    FOR THE COUNTY OF ALAMEDA

9

10 ALFONSO CAMPOS, on behalf of himself and       Case No.RG17858299
   others similarly situated,

11        PLAINTIFF,                               *[Assigned for all purposes to the Hon. Rene C.
                                                   Davidson , Dept. 30]*
   vs.
12                                                 **PLAINTIFF ALFONSO CAMPOS'S
13 HERTZ EQUIPMENT RENTAL CORP;                    NOTICE OF FILING PROOF OF
   HERC RENTALS INC.; THE HERTZ                    SERVICE OF SUMMONS AND
14 CORPORATION; HERTZ GLOBAL                       COMPLAINT ON DEFENDANT THE
   HOLDINGS, INC.; and DOES 1 to 100,             HERTZ CORPORATION**
15 Inclusive,

16        DEFENDANTS

17        **TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF**

18 **RECORD:**

19        Plaintiff ALFONSO CAMPOS hereby submits the Proof of Service of Summons and

20 Complaint on Defendant THE HERTZ CORPORATION. A true and correct copy of the Proof of

21 Service of Summons on the aforementioned Defendant is hereto attached as **Exhibit 1.**

22 Dated:  May 24, 2017                    Respectfully submitted,
                                           **LAVI & EBRAHIMIAN, LLP**
23

24                                         By: _____

25                                             Joseph Lavi, Esq.
                                               Vincent C. Granberry, Esq.
26                                             Vanessa Kamau, Esq.
                                               Attorneys for PLAINTIFF
27                                             ALFONSO CAMPOS,
                                               on behalf of himself
28                                             and others similarly situated.

**PLAINTIFF ALFONSO CAMPOS'S NOTICE OF FILING PROOF OF SERVICE OF SUMMONS AND COMPLAINT
ON DEFENDANT THE HERTZ CORPORATION**
1

# "Exhibit 1"

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)<br>J0SEPH LAVI SBN 209776<br>8889 W OLYMPIC BLVD STE 200<br><br>BEVERLY HILLS    CA    90211<br>ATTORNEY FOR (Name    Plaintiff | TELEPHONE NO.<br>(310) 432-0000 | FOR COURT USE ONLY |
|---|---|---|

Insert of Court Name of Judicial District and Branch Court if any
LOS ANGELES SUPERIOR COURT, ALAMEDA

SHORT TITLE OF CASE
CAMPOS v HERTZ EQUIPMENT

| 3162384 | (HEARING) Date | Time | Dept | Case Number:<br>RG17858299<br>REFERENCE NO.<br>CAMPOS vs. HERTZ EQUIPMENT |
|---|---|---|---|---|

## PROOF OF SERVICE OF SUMMONS

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION

2. I SERVED COPIES OF THE:
   SUMMONS & COMPLAINT
   CIVIL CASE COVER SHEET

3. a. PARTY SERVED:   THE HERTZ CORPORATION

      CT CORPORATION SYSTEM, AGENT
   b. PERSON SERVED: DAISY MONTENEGRO, AGENT, PERSON AUTHORIZED TO
      RECEIVE, HISPANIC FEMALE 27YRS 5'04" 185LBS. BLACK HAIR

4. c. ADDRESS:    818 W 7TH ST STE 930
      LOS ANGELES    CA    90017

5. I SERVED THE PARTY NAMED IN ITEM 3
   a. BY PERSONALLY DELIVERING THE DOCUMENTS LISTED IN ITEM 2 TO THE PARTY OR PERSON
      AUTHORIZED TO RECEIVE SERVICE OF PROCESS FOR THE PARTY. ON    5/3/2017  AT  3:00:00 PM

6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:
   d. ON BEHALF OF:
      THE HERTZ CORPORATION

      CT CORPORATION SYSTEM, AGENT
      UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION : CORPORATION  CCP 416.10

| 7a. Person Serving:    V. Enrique    Mendez<br><br>b. DDS Legal Support<br>2900 Bristol St<br>Costa Mesa, Ca 92626<br><br>c. (714) 662-5555 | d. The fee for service was    $37.00<br>e. I am:<br>  (1)    not a registered California process server:<br>  (3) X    registered California process server:<br>    (i) Independent Contractor<br>    (i) Registration No:    3428<br>    (i) County:   LOS ANGELES |
|---|---|

8. I declare under the penalty of perjury under the laws of the State of California that the
foregoing is true and correct. V. Enrique    Mendez
5/10/2017                                    X _____
                                                SIGNATURE

| Form Approved for Optional Use Judicial<br>Council of California<br>POS-010 [REV Jan 1 2007] | **PROOF OF SERVICE** | CRC 982(A)(23) |
|---|---|---|

<u>CAMPOS v. HERTZ EQUIPMENT RENTAL CORP. et. al.</u>    <u>Case No. RG17858299</u>

## PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 8889 W. Olympic Blvd., Suite 200, Beverly Hills, California 90211.

On May 24, 2017, I served the foregoing document, described as:

**"PLAINTIFF ALFONSO CAMPOS'S NOTICE OF FILING PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANT THE HERTZ CORPORATION"**

on all interested parties in this action as follows:

| | |
|---|---|
| Hertz Equipment Rental Corp.<br>7727 Oakport Street<br>Oakland, CA 94621 | Herc Rentals Inc.<br>c/o: CT Corporation<br>818 W. 7Th Street, Suite 930<br>Los Angeles, CA 90017 |
| The Hertz Corporation<br>c/o: CT Corporation<br>818 W. 7Th Street, Suite 930<br>Los Angeles, CA 90017 | Hertz Global Holdings, Inc.<br>7727 Oakport Street<br>Oakland, CA 94621 |

☒    **(BY MAIL)**  As follows:

I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☐    **(BY PERSONAL SERVICE)**  I caused such envelope to be delivered by hand to the attorney at the offices of the addressee.

☒    **(STATE)**  I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on May 24, 2017, at Beverly Hills, California.

Siklaii Gonzalez

---

PLAINTIFF ALFONSO CAMPOS'S NOTICE OF FILING PROOF OF SERVICE OF SUMMONS AND COMPLAINT
ON DEFENDANT THE HERTZ CORPORATION
2

1  Joseph Lavi, Esq. (SBN 209776)
   Vincent C. Granberry, Esq. (SBN 276483)
2  Vanessa Kamau, Esq. (SBN 265572)
   **LAVI & EBRAHIMIAN, LLP**
3  8889 W. Olympic Blvd., Suite 200
   Beverly Hills, California 90211
4  Telephone: (310) 432-0000
   Facsimile: (310) 432-0001
5
   Attorneys for PLAINTIFF ALFONSO CAMPOS,
6  on behalf of himself and others similarly situated.

7               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                    **FOR THE COUNTY OF ALAMEDA**

9

10 ALFONSO CAMPOS, on behalf of himself and      Case No.RG17858299
   others similarly situated,

11        PLAINTIFF,                              *[Assigned for all purposes to the Hon. Rene C.
                                                  Davidson , Dept. 30]*
     vs.
12                                                **PLAINTIFF ALFONSO CAMPOS'S**
13 HERTZ EQUIPMENT RENTAL CORP;                   **NOTICE OF FILING PROOF OF**
   HERC RENTALS INC.; THE HERTZ                   **SERVICE OF SUMMONS AND**
   CORPORATION; HERTZ GLOBAL                      **COMPLAINT ON DEFENDANT HERC**
14 HOLDINGS, INC.; and DOES 1 to 100,             **RENTALS INC.**
   Inclusive,
15
          DEFENDANTS
16

17      **TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF**

18 **RECORD:**

19      Plaintiff ALFONSO CAMPOS hereby submits the Proof of Service of Summons and

20 Complaint on Defendant HERC RENTALS INC. A true and correct copy of the Proof of Service of

21 Summons on the aforementioned Defendant is hereto attached as **Exhibit 1.**

22 Dated:  May 24, 2017                   Respectfully submitted,
                                          **LAVI & EBRAHIMIAN, LLP**
23

24                                 By: _____

25                                      Joseph Lavi, Esq.
                                        Vincent C. Granberry, Esq.
26                                      Vanessa Kamau, Esq.
                                        Attorneys for PLAINTIFF
27                                      ALFONSO CAMPOS,
                                        on behalf of himself
28                                      and others similarly situated.

**PLAINTIFF ALFONSO CAMPOS'S NOTICE OF FILING PROOF OF SERVICE OF SUMMONS AND COMPLAINT
ON DEFENDANT HERC RENTALS INC.**
1

- 49 -

# "Exhibit 1"

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|---|
| JOSEPH LAVI SBN 209776<br>8889 W OLYMPIC BLVD STE 200<br><br>BEVERLY HILLS    CA        90211 | | (310) 432-0000 | |

ATTORNEY FOR (Name          Plaintiff

Insert of Court Name of Judicial District and Branch Court if any
**LOS ANGELES SUPERIOR COURT, ALAMEDA**

SHORT TITLE OF CASE
**CAMPOS v HERTZ EQUIPMENT**

| 3162380 | (HEARING) Date | Time | Dept |
|---|---|---|---|

Case Number:
**RG17858299**
REFERENCE NO.
**CAMPOS vs. HERTZ EQUIPMENT**

## PROOF OF SERVICE OF SUMMONS

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION

2. I SERVED COPIES OF THE:
   SUMMONS & COMPLAINT
   CIVIL CASE COVER SHEET

3. a. PARTY SERVED:    HERC RENTALS INC.

   CT CORPORATION SYSTEM, AGENT
   b. PERSON SERVED: DAISY MONTENEGRO, AGENT, PERSON AUTHORIZED TO
   RECEIVE, HISPANIC FEMALE 27YRS 5'04" 185LBS. BLACK HAIR

4. c. ADDRESS:    818 W 7TH ST STE 930
   LOS ANGELES          CA          90017

5. I SERVED THE PARTY NAMED IN ITEM 3
   a. BY PERSONALLY DELIVERING THE DOCUMENTS LISTED IN ITEM 2 TO THE PARTY OR PERSON
   AUTHORIZED TO RECEIVE SERVICE OF PROCESS FOR THE PARTY. ON     5/3/2017  AT   3:00:00 PM

6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:
   d. ON BEHALF OF:
   HERC RENTALS INC.

   CT CORPORATION SYSTEM, AGENT
   UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION : CORPORATION  CCP 416.10

7a. Person Serving:    V. Enrique      Mendez

b. DDS Legal Support
2900 Bristol St
Costa Mesa, Ca 92626

c. (714) 662-5555

d. The fee for service was          $54.90
e. I am:
   (1)        not a registered California process server:
   (3) X    registered California process server:
       (i) Independent Contractor
       (i) Registration No:              3428
       (i) County:   LOS ANGELES

8. I declare under the penalty of perjury under the laws of the State of California that the
foregoing is true and correct. V. Enrique .    Mendez
5/10/2017

X _____
                              SIGNATURE

Form Approved for Optional Use Judicial
Council of California
POS-010 [REV Jan 1 2007]

**PROOF OF SERVICE**

CRC 982(A)(23)

**CAMPOS v. HERTZ EQUIPMENT RENTAL CORP. et. al.**    **Case No. RG17858299**

## PROOF OF SERVICE
### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 8889 W. Olympic Blvd., Suite 200, Beverly Hills, California 90211.

On May 24, 2017, I served the foregoing document, described as:

**"PLAINTIFF ALFONSO CAMPOS'S NOTICE OF FILING PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANT HERC RENTALS INC."**

on all interested parties in this action  as follows:

| | |
|---|---|
| Hertz Equipment Rental Corp.<br>7727 Oakport Street<br>Oakland, CA 94621 | Herc Rentals Inc.<br>c/o: CT Corporation<br>818 W. 7Th Street, Suite 930<br>Los Angeles, CA 90017 |
| The Hertz Corporation<br>c/o: CT Corporation<br>818 W. 7Th Street, Suite 930<br>Los Angeles, CA 90017 | Hertz Global Holdings, Inc.<br>7727 Oakport Street<br>Oakland, CA 94621 |

☒    **(BY MAIL)** As follows:

I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☐    **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the attorney at the offices of the addressee.

☒    **(STATE)** I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on May 24, 2017, at Beverly Hills, California.

Sildali Gonzalez

---

PLAINTIFF ALFONSO CAMPOS'S NOTICE OF FILING PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANT HERC RENTALS INC.

2

# EXHIBIT B

ENDORSED
FILED
ALAMEDA COUNTY

MAY 30 2017

CLERK OF THE SUPERIOR COURT
By_____STEFANIE JOHROWE
Dep.ty

1   ROBERT A. DOLINKO (State Bar No. 076256)
    rdolinko@nixonpeabody.com
2   SETH L. NEULIGHT (State Bar No. 184440)
    sneulight@nixonpeabody.com
3   TRACI BERNARD-MARKS (State Bar No. 300174)
    tbernardmarks@nixonpeabody.com
4   NIXON PEABODY LLP
    One Embarcadero Center, Suite 1800
5   San Francisco, CA 94111
    Telephone: (415) 984-8200
6   Facsimile: (415) 984-8300

7   Attorneys for Defendant
    HERC RENTALS INC. (formerly known as
8   HERTZ EQUIPMENT RENTAL CORPORATION)

9

10                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        FOR THE COUNTY OF ALAMEDA

12

13  ALFONSO CAMPOS, on behalf of himself,      Case No. RG 17858299
    others similarly situated,
14

15                          Plaintiff,         **CLASS ACTION**

16          vs.
                                               **DEFENDANT HERC RENTALS INC.'S**
17  HERTZ EQUIPMENT RENTAL                     **ANSWER TO PLAINTIFF'S CLASS**
    CORPORATION; HERC RENTALS INC.;            **ACTION COMPLAINT**
18  THE HERTZ CORPORATION; HERTZ
    GLOBAL HOLDINGS, INC.; and DOES 1 to       Action Filed:  April 27, 2017
19  100, Inclusive                             Trial Date:    Not Set

20                          Defendants.

21

22

23
            Defendant Herc Rentals Inc., formerly known as Hertz Equipment Rental Corporation,
24
    ("Herc" or "Defendant") hereby responds to the unverified Class Action Complaint ("Complaint")
25
    of Plaintiff Alfonso Campos as follows. As used herein, the term "Plaintiff" refers to Plaintiff
26
    Campos and includes all others similarly situated on whose behalf the Complaint was purportedly
27
    filed. Defendant notes that pursuant to a filing with the California Secretary of State on July 19,
28

                                            -1-
                DEF. HERC RENTALS INC.'S ANSWER TO COMPLAINT [CASE NO. RG17858299]
    4833-8190-1129.2

2016, Defendant made clear that the name of Hertz Equipment Rental Corporation was changed to Herc Rentals Inc., such that Hertz Equipment Rental Corporation is in fact now Herc Rentals Inc.

## GENERAL DENIAL

1.      Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, Defendant Herc generally denies each and every allegation of the Complaint, including that this action may be maintained as a representative action or as a class action on behalf of others purportedly similarly situated, and/or the general public, and further denies that Plaintiff and/or anyone else on whose behalf the Complaint is brought are entitled to damages, statutory penalties, punitive damages, restitution, disgorgement, interest, attorneys' fees or costs, or any other form of legal or equitable relief.

## AFFIRMATIVE DEFENSES

In addition, Defendant asserts the affirmative defenses set forth herein. By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden belongs to Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

2.      The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

3.      The causes of action asserted in the Complaint are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, those set forth in California Code of Civil Procedure Sections 338(a), 340(a) and 343, California Business and Professions Code section 17208, and California Labor Code Sections 203 and 226.

///

///

///

DEF. HERC RENTALS INC.'S ANSWER TO COMPLAINT [CASE NO. RG17858299]

4833-8190-1129.2

### THIRD AFFIRMATIVE DEFENSE

### (No Standing)

4.     Plaintiff lacks standing to sue on behalf of himself or the purported class of others supposedly similarly situated with respect to all or some of the causes of action in the Complaint or the requested relief.

### FOURTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

5.     Plaintiff's claims are barred to the extent that any award in this action would constitute unjust enrichment.

### FIFTH AFFIRMATIVE DEFENSE

### (Laches)

6.     Defendant alleges, based on information and belief, that Plaintiff's causes of action are barred, in whole or in part, due to Plaintiff's unreasonable delay in notifying Defendant of the alleged actionable wrongs, which delays have resulted in prejudice to Defendant.

### SIXTH AFFIRMATIVE DEFENSE

### (Waiver/Consent/Unclean Hands)

7.     Defendant alleges, based on information and belief, that Plaintiff's causes of action are barred, in whole or in part, based on the equitable doctrines of waiver, consent, and/or unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith Defenses)

8.     Defendant alleges, based on information and belief, that at all times relevant to Plaintiff's Complaint, Defendant had good faith defenses, based in law and/or fact, which, if upheld, would preclude any recovery by Plaintiff based on the allegations in the Complaint.

///

///

///

DEF. HERC RENTALS INC.'S ANSWER TO COMPLAINT [CASE NO. RG17858299]
4833-8190-1129.2

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

9.    Defendant alleges, based on information and belief, that Plaintiff has unreasonably failed to mitigate, minimize, or avoid his purported damages. Defendant further alleges that, to the extent any damages could have been mitigated, minimized, or avoided, such amounts should be deducted from any award of damages.

## NINTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

10.    Defendant alleges, based on information and belief, that Plaintiff's purported causes of action for damages are barred because they are speculative and uncertain.

## TENTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

11.    Plaintiff's claims are barred in whole or in part because of Defendant's compliance with all applicable laws, statutes, and regulations, said compliance affording Defendant a safe harbor to any claim under California Business and Professions Code Section 17200, et seq.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Consent)

12.    Defendant alleges, based on information and belief, that Plaintiff was provided with and had the opportunity to take meal periods and rest periods, but chose not to do so.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

13.    Although Defendant denies that it owes any amounts to Plaintiff or the purported class, if it should be determined that amounts are owed, Defendant alleges, based on information and belief, that at all times relevant hereto a reasonable good faith dispute existed as to whether any such amounts were owed to Plaintiff and the purported class.

-4-

1

2

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Employer Directions)

3

4

5

6

7

8

9

14.      Defendant alleges, upon information and belief, that the Complaint and each and every cause of action therein is barred, in whole or in part, because Plaintiff and the class he purports to represent were required to substantially comply with all of the directions of their employer concerning the services for which they were engaged, such obedience was neither impossible nor unlawful and did not impose new and unreasonable burdens upon them, and they nonetheless failed to comply.

10

## FOURTEENTH AFFIRMATIVE DEFENSE

11

### (No Damage)

12

13

15.      Plaintiff cannot show any damage or harm as a result of any alleged improper or inaccurate wage statements.

14

## FIFTEENTH AFFIRMATIVE DEFENSE

15

### (Lack of Class Action)

16

17

18

19

20

16.      Defendant is informed and believes, and based thereupon alleges, that Plaintiff's claims will not support class treatment because: they do not raise questions of law or fact that predominate over individual legal or factual issues; they are not typical of the claims of the putative class; Plaintiff is not an adequate or proper representative of the putative class; and/or the action fails to satisfy the legal standards for a class action.

21

## SIXTEENTH AFFIRMATIVE DEFENSE

22

### (Fair Practices)

23

24

25

26

17.      Plaintiff's claims are barred because Defendant's business practices were not unfair within the meaning of Business and Professions Code Section 17200. The utility and benefits of Defendant's conduct outweighed whatever alleged harm or impact it may have had on Plaintiff, or on other employees purportedly similarly situated.

27

///

28

-5-

DEF. HERC RENTALS INC.'S ANSWER TO COMPLAINT [CASE NO. RG17858299]

4833-8190-1129.2

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (*De Minimis* Time)

18.     Defendant alleges, based on information and belief, that to the extent Plaintiff or persons similarly situated were not paid for all hours worked for Defendant, such unpaid time was *de minimis* and, therefore, not compensable.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Injury)

19.     Defendant alleges, based on information and belief, that the purported causes of action are barred, in whole or in part, because Plaintiff did not suffer any actual injury as a result of a knowing and intentional violation.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

20.     Defendant alleges, based on information and belief, that Plaintiff failed to take reasonable advantage of available procedures to prevent and correct any alleged wage and hour violations, and, therefore, Plaintiff's damages claims are barred, in whole or part, by the avoidable consequences doctrine.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Obtain Valid Wage Assignment)

21.     Plaintiff, as representative for the other class members, may not pursue an unpaid wage claim on behalf of the other class members because they failed to obtain a valid wage assignment for each of the other class members.  Cal. Labor Code Sec. 300.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Substantial Compliance)

22.     Defendant alleges, based on information and belief, that Plaintiff's causes of action and claims for damages and/or penalties are barred, or any such award of damages or penalties must be reduced, because Defendant substantially complied with the applicable requirements of the California Labor Code and applicable Industrial Welfare Commission Wage Orders.

-6-

4833-8190-1129.2

- 59 -

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Improper/Inconvenient Forum)

23.    Under California Code of Civil Procedure Sections 395.5, 396, and/or 397 and/or the doctrine of *forum non conveniens*, this is an inconvenient and/or improper forum for the litigation of this action and it should therefore be dismissed, transferred or stayed.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Other Action Pending)

Plaintiff's claims are encompassed in whole or in part by an earlier action filed in the Superior Court of California for the County of Alameda, and removed to the U.S. District Court for the Northern District of California, entitled *Cruz v. Hertz Equipment Rental Corporation*, Case No. 16-cv-03889-JD, which action is still pending and takes precedence over this action.

WHEREFORE, Defendant Herc Rentals Inc. prays judgment as follows:

1.    That the Complaint be dismissed with prejudice and in its entirety, and that Plaintiff take nothing thereby;

2.    That Defendant be awarded its costs of suit, including reasonable attorneys' fees;

3.    That Plaintiff's class action allegations be stricken, stayed or dismissed with prejudice; and

4.    That Defendant be awarded such other and further relief as the Court deems just and proper.

Dated:  May 30, 2017

NIXON PEABODY LLP

By    *Robert A. Dolinko*
_____
Robert A. Dolinko
Seth L. Neulight
Traci Bernard-Marks
Attorneys for Defendant
HERC RENTALS INC., formerly known as
HERTZ EQUIPMENT RENTAL CORPORATION

-7-

1

Case No.  RG17858299

2

## PROOF OF SERVICE

3

4        I, the undersigned, certify that I am employed in the City and County of San Francisco,
California; that I am over the age of eighteen years and not a party to the within action; and that my
business address is One Embarcadero Center, Suite 1800, San Francisco, CA 94111.  On May 30,

5   2017, I served the following document(s):

6   **DEFENDANT HERC RENTALS INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION
COMPLAINT**

7

8   on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed
envelopes addressed as shown below by the following means of service:

9   _ X _:   **By First-Class Mail** — I am readily familiar with the firm's practice for collection and
processing of correspondence for mailing. Under that practice, the correspondence is deposited with

10  the United States Postal Service on the same day as collected, with first-class postage thereon fully
prepaid, in Los Angeles, California, for mailing to the office of the addressee following ordinary

11  business practices.

12  ____:   **By Personal Service** — I caused each such envelope to be given to a courier messenger to
personally deliver to the office of the addressee.

13

____:   **By Overnight Courier** — I caused each such envelope to be given to an overnight mail
14  service at Los Angeles, California, to be hand delivered to the office of the addressee on the next
business day.

15

____:   **By Facsimile** — From facsimile number (213) 629-6001, I caused each such document to be
16  transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008.
The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.

17

____:   **By Email** — I caused to be served a true copy of the attached document titled exactly [as
18  stated above] by electronic mail in a PDF file to the email addresses listed below.

19        Joseph Lavi, Esq.
LAVI & EBRAHIMIAN, LLP
20        8889 West Olympic Blvd., Suite 200
Beverly Hills, CA 90211

21

22        I declare under penalty of perjury that the foregoing is true and correct. Executed on May 30,
2017, at San Francisco, California.

23

24

25                                                    Gina Caspersen

26

27

28

- 1 -

4833-8190-1129.2

ENDORSED
FILED
ALAMEDA COUNTY

MAY 30 2017

CLERK OF THE SUPERIOR COURT
By_____STEFANIE JONROWE
Deputy

1   ROBERT A. DOLINKO (State Bar No. 076256)
    rdolinko@nixonpeabody.com
2   SETH L. NEULIGHT (State Bar No. 184440)
    sneulight@nixonpeabody.com
3   TRACI BERNARD-MARKS (State Bar No. 300174)
    tbernardmarks@nixonpeabody.com
4   NIXON PEABODY LLP
    One Embarcadero Center, Suite 1800
5   San Francisco, CA 94111
    Telephone:  (415) 984-8200
6   Facsimile:  (415) 984-8300

7   Attorneys for Defendant
    HERC RENTALS INC. (formerly known as
8   HERTZ EQUIPMENT RENTAL CORPORATION)

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    FOR THE COUNTY OF ALAMEDA

12

13  | ALFONSO CAMPOS, on behalf of himself, | Case No. RG 17858299 |
    | others similarly situated, | |

14

15                    Plaintiff,          **CLASS ACTION**

16      vs.

17  HERTZ EQUIPMENT RENTAL             **ANSWER OF DEFENDANTS THE HERTZ
    CORPORATION; HERC RENTALS INC..;    CORPORATION AND HERTZ GLOBAL
18  THE HERTZ CORPORATION; HERTZ        HOLDINGS, INC. TO PLAINTIFF'S CLASS
    GLOBAL HOLDINGS, INC.; and DOES 1 to ACTION COMPLAINT**
19  100, Inclusive
                                        Action Filed:  April 27, 2017
20      Defendants.                     Trial Date:    Not Set

21

22

23          Defendants The Hertz Corporation and Hertz Global Holdings, Inc. ("Hertz" or

24  "Defendants") hereby respond to the unverified Class Action Complaint ("Complaint") of Plaintiff

25  Alfonso Campos as follows.  As used herein, the term "Plaintiff" refers to Plaintiff Campos and

26  includes all others similarly situated on whose behalf the Complaint was purportedly filed.

27

28
                                        -1-
4828-0755-4377.2

## GENERAL DENIAL

1.     Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, Defendants generally deny each and every allegation of the Complaint, including that this action may be maintained as a representative action or as a class action on behalf of others purportedly similarly situated, and/or the general public, and further deny that Plaintiff and/or anyone else on whose behalf the Complaint is brought are entitled to damages, statutory penalties, punitive damages, restitution, disgorgement, interest, attorneys' fees or costs, or any other form of legal or equitable relief.

## AFFIRMATIVE DEFENSES

In addition, Defendants assert the affirmative defenses set forth herein. By pleading these affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden belongs to Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

2.     The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

3.     The causes of action asserted in the Complaint are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, those set forth in California Code of Civil Procedure Sections 338(a), 340(a) and 343, California Business and Professions Code section 17208, and California Labor Code Sections 203 and 226.

## THIRD AFFIRMATIVE DEFENSE

### (No Standing)

4.     Plaintiff lacks standing to sue on behalf of himself or the purported class of others supposedly similarly situated with respect to all or some of the causes of action in the Complaint or the requested relief.

-2-

## FOURTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

5.      Plaintiff's claims are barred to the extent that any award in this action would constitute unjust enrichment.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

6.      Defendants allege, based on information and belief, that Plaintiff's causes of action are barred, in whole or in part, due to Plaintiff's unreasonable delay in notifying Defendants of the alleged actionable wrongs, which delays have resulted in prejudice to Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver/Consent/Unclean Hands)

7.      Defendants allege, based on information and belief, that Plaintiff's causes of action are barred, in whole or in part, based on the equitable doctrines of waiver, consent, and/or unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith Defenses)

8.      Defendants allege, based on information and belief, that at all times relevant to Plaintiff's Complaint, Defendants had good faith defenses, based in law and/or fact, which, if upheld, would preclude any recovery by Plaintiff based on the allegations in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

9.      Defendants allege, based on information and belief, that Plaintiff has unreasonably failed to mitigate, minimize, or avoid his purported damages. Defendants further allege that, to the extent any damages could have been mitigated, minimized, or avoided, such amounts should be deducted from any award of damages.

///

DEF. HERTZ'S ANSWER TO COMPLAINT [CASE NO. RG17858299]

4828-0755-4377.2

1

## NINTH AFFIRMATIVE DEFENSE

2

### (Speculative Damages)

3

4

10.     Defendants allege, based on information and belief, that Plaintiff's purported causes of action for damages are barred because they are speculative and uncertain.

5

6

## TENTH AFFIRMATIVE DEFENSE

7

### (Safe Harbor)

8

11.     Plaintiff's claims are barred in whole or in part because of Defendants' compliance

9

with all applicable laws, statutes, and regulations, said compliance affording Defendant a safe

10

harbor to any claim under California Business and Professions Code Section 17200, et seq.

11

## ELEVENTH AFFIRMATIVE DEFENSE

12

### (Consent)

13

12.     Defendants allege, based on information and belief, that Plaintiff was provided with

14

and had the opportunity to take meal periods and rest periods, but chose not to do so.

15

## TWELFTH AFFIRMATIVE DEFENSE

16

### (Good Faith Dispute)

17

13.     Although Defendants deny that they owe any amounts to Plaintiff or the purported

18

class, if it should be determined that amounts are owed, Defendants allege, based on information

19

and belief, that at all times relevant hereto a reasonable good faith dispute existed as to whether

20

any such amounts were owed to Plaintiff and the purported class.

21

## THIRTEENTH AFFIRMATIVE DEFENSE

22

### (Failure to Comply with Employer Directions)

23

14.     Defendants allege, upon information and belief, that the Complaint and each and

24

every cause of action therein is barred, in whole or in part, because Plaintiff and the class he

25

purports to represent were required to substantially comply with all of the directions of their

26

employer concerning the services for which they were engaged, such obedience was neither

27

28

-4-

4828-0755-4377.2

1    impossible nor unlawful and did not impose new and unreasonable burdens upon them, and they

2    nonetheless failed to comply.

3

4                         **FOURTEENTH AFFIRMATIVE DEFENSE**

5                                  **(No Damage)**

6        15.    Plaintiff cannot show any damage or harm as a result of any alleged improper or

7    inaccurate wage statements.

8                          **FIFTEENTH AFFIRMATIVE DEFENSE**

9                              **(Lack of Class Action)**

10       16.    Defendants are informed and believe, and based thereupon alleges, that Plaintiff's

11   claims will not support class treatment because: they do not raise questions of law or fact that

12   predominate over individual legal or factual issues; they are not typical of the claims of the

13   putative class; Plaintiff is not an adequate or proper representative of the putative class; and/or the

14   action fails to satisfy the legal standards for a class action.

15                          **SIXTEENTH AFFIRMATIVE DEFENSE**

16                                **(Fair Practices)**

17       17.    Plaintiff's claims are barred because the employer's business practices were not

18   unfair within the meaning of Business and Professions Code Section 17200. The utility and

19   benefits of the employer's conduct outweighed whatever alleged harm or impact it may have had

20   on Plaintiff, or on other employees purportedly similarly situated.

21                        **SEVENTEENTH AFFIRMATIVE DEFENSE**

22                               **(*De Minimis* Time)**

23       18.    Defendants allege, based on information and belief, that to the extent Plaintiff or

24   persons similarly situated were not paid for all hours worked for their employer, such unpaid time

25   was *de minimis* and, therefore, not compensable.

26   ///

27   ///

28   ///

DEF. HERTZ'S ANSWER TO COMPLAINT [CASE NO. RG17858299]

4828-0755-4377.2

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Injury)

19.      Defendants allege, based on information and belief, that the purported causes of action are barred, in whole or in part, because Plaintiff did not suffer any actual injury as a result of a knowing and intentional violation.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

20.      Defendants allege, based on information and belief, that Plaintiff failed to take reasonable advantage of available procedures to prevent and correct any alleged wage and hour violations, and, therefore, Plaintiff's damages claims are barred, in whole or part, by the avoidable consequences doctrine.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Obtain Valid Wage Assignment)

21.      Plaintiff, as representative for the other class members, may not pursue an unpaid wage claim on behalf of the other class members because they failed to obtain a valid wage assignment for each of the other class members.  Cal. Labor Code Sec. 300.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Substantial Compliance)

22.      Defendants allege, based on information and belief, that Plaintiff's causes of action and claims for damages and/or penalties are barred, or any such award of damages or penalties must be reduced, because the employer substantially complied with the applicable requirements of the California Labor Code and applicable Industrial Welfare Commission Wage Orders.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Improper/Inconvenient Forum)

23.      Under California Code of Civil Procedure Sections 395.5, 396, and/or 397 and/or the doctrine of *forum non conveniens*, this is an inconvenient and/or improper forum for the litigation of this action and it should therefore be dismissed, transferred or stayed.

-6-

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Other Action Pending)

Plaintiff's claims are encompassed in whole or in part by an earlier action filed in the Superior Court of California for the County of Alameda, and removed to the U.S. District Court for the Northern District of California, entitled *Cruz v. Hertz Equipment Rental Corporation*, Case No. 16-cv-03889-JD, which action is still pending and takes precedence over this action.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Improper Defendants)

Defendants allege, based on information and belief, that Plaintiff's claims against them are barred because: (1) no officer, director or managing agent of these answering Defendants had advance knowledge of, or ratified, any of the conduct alleged in Plaintiffs' complaint; (2) the answering Defendants never received any complaint from Plaintiff regarding the conduct alleged in the complaint; (3) co-defendants Hertz Equipment Rental Corporation or Herc maintained, and implemented any policies and/or practices complained of in the Complaint; and (4) neither of these answering Defendants employed Plaintiff or any purported class members whom he seeks to represent in this action.

WHEREFORE, Defendants The Hertz Corporation and Hertz Global Holdings, Inc. pray judgment as follows:

1.     That the Complaint be dismissed with prejudice and in its entirety, and that Plaintiff take nothing thereby;

2.     That Defendants be awarded their costs of suit, including reasonable attorneys' fees;

3.     That Plaintiff's class action allegations be stricken, stayed or dismissed with prejudice; and

//

//

//

-7-

1        4.     That Defendants be awarded such other and further relief as the Court deems just

2    and proper.

3    Dated:  May 30, 2017                      NIXON PEABODY LLP

4

5                              By    _____

6                                      Robert A. Dolinko
                                  Seth L. Neulight

7                                      Traci Bernard-Marks
                                  Attorneys for Defendants

8                                      THE HERTZ CORPORATION and HERTZ
                                        GLOBAL HOLDINGS, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEF. HERTZ'S ANSWER TO COMPLAINT [CASE NO. RG17858299]

4828-0755-4377.2

Case No.  RG17858299

## PROOF OF SERVICE

    I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is One Embarcadero Center, Suite 1800, San Francisco, CA 94111.  On May 30, 2017, I served the following document(s):

### ANSWER OF DEFENDANTS THE HERTZ CORPORATION AND HERTZ GLOBAL HOLDINGS, INC. TO PLAINTIFF'S CLASS ACTION COMPLAINT

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

 _X_ :   **By First-Class Mail** — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in Los Angeles, California, for mailing to the office of the addressee following ordinary business practices.

____ :   **By Personal Service** — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

____ :   **By Overnight Courier** — I caused each such envelope to be given to an overnight mail service at Los Angeles, California, to be hand delivered to the office of the addressee on the next business day.

____ :   **By Facsimile** — From facsimile number (213) 629-6001, I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.

____ :   **By Email** — I caused to be served a true copy of the attached document titled exactly [as stated above] by electronic mail in a PDF file to the email addresses listed below.

    Joseph Lavi, Esq.
    LAVI & EBRAHIMIAN, LLP
    8889 West Olympic Blvd., Suite 200
    Beverly Hills, CA 90211

    I declare under penalty of perjury that the foregoing is true and correct. Executed on May 30, 2017, at San Francisco, California.


                                   _____
                                   Gina Caspersen

4828-0755-4377.2

# EXHIBIT C

Joseph Lavi, Esq. (SBN 209776)
Vincent C. Granberry, Esq. (SBN 276483)
Vanessa Kamau, Esq. (SBN 265572)
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for PLAINTIFF ALFONSO CAMPOS,
on behalf of himself and others similarly situated.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| ALFONSO CAMPOS, on behalf of himself and others similarly situated,<br><br>     PLAINTIFF,<br><br>vs.<br><br>HERTZ EQUIPMENT RENTAL CORP; HERC RENTALS INC.; THE HERTZ CORPORATION; HERTZ GLOBAL HOLDINGS, INC.; and DOES 1 to 100, Inclusive,<br><br>     DEFENDANTS. | Case No.: RG17858299<br><br>**CLASS ACTION**<br><br>**PLAINTIFF ALFONSO CAMPOS' NOTICE OF COMPLEX DETERMINATION HEARING AND CASE MANAGEMENT CONFERENCE** |

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT the Court has scheduled a Complex Determination Hearing for June 27, 2017 at 3:00 p.m. in Department 30 of the Alameda County Superior Court, located at U.S. Post Office Building, Second Floor 201 13th Street, Oakland.

PLEASE TAKE FURTHER NOTICE that a Case Management Conference is also set for July 28, 2017 at 9:16 a.m. in Department 30 of the Alameda County Superior Court, located at U.S. Post Office Building, Second Floor 201 13th Street, Oakland.

---

**PLAINTIFF ALFONSO CAMPOS' NOTICE OF COMPLEX DETERMINATION HEARING AND CASE MANAGEMENT CONFERENCE**

1

1      PLEASE TAKE FURTHER NOTICE that all counsel of record and any unrepresented

2  parties are ordered to attend this Initial Complex Case Management Conference unless otherwise

3  notified by the Court.

4      A true and correct copy of the Court's order is hereto attached as **Exhibit 1.**

5

6  Dated: May 24, 2017                     Respectfully submitted,
                                    **LAVI & EBRAHIMIAN, LLP**

7

8

9                                By: _____

10                                    Joseph Lavi, Esq.
                                      Vincent Granberry, Esq.

11                                    Vanessa Kamau, Esq.
                                      Attorneys for PLAINTIFF

12                                    ALFONSO   CAMPOS   and   Other   Class
                                      Members

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF ALFONSO CAMPOS' NOTICE OF COMPLEX DETERMINATION HEARING AND CASE MANAGEMENT CONFERENCE**

2

# "EXHIBIT 1"

Lavi & Ebrahimian, LLP
Attn: Kamau, Vanessa
8889 W. Olympic Blvd
Suite 200
Beverly Hills, CA  90211

Hertz Equipment Rental Corp

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Campos<br><br>          **Plaintiff/Petitioner(s)**<br>     VS.<br><br>Hertz Equipment Rental Corp<br>          **Defendant/Respondent(s)**<br>     (Abbreviated Title) | No. RG17858299<br><br><br>NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

                 Complex Determination Hearing
                 Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 06/27/2017    TIME: 03:00 PM    DEPARTMENT: 30
LOCATION:  U.S. Post Office Building, Second Floor
              201 13th Street, Oakland

Case Management Conference:
DATE: 07/28/2017    TIME: 09:16 AM    DEPARTMENT: 30
LOCATION:  U.S. Post Office Building, Second Floor
              201 13th Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 30 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 268-5104.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 30.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments at**

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 30.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 30 by e-mail at Dept.30@alameda.courts.ca.gov or by phone at (510) 268-5104.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 05/18/2017          Chad Finke  Executive Officer / Clerk of the Superior Court

By  _____

Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/19/2017.

By  _____

Deputy Clerk

- 76 -

**CAMPOS v. HERTZ EQUIPMENT RENTAL, CORP.**              **CASE NO. RG17858299**

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF ALAMEDA

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 8889 W. Olympic Blvd., Suite 200, Beverly Hills, California 90211.

On May 24, 2017, I served the foregoing document, described as "**PLAINTIFF ALFONSO CAMPOS' NOTICE OF ORDER COMPLEX DETERMINATION HEARING AND CASE MANAGEMENT CONFERENCE**" on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows and served as indicated below:

| | |
|---|---|
| Hertz Equipment Rental Corp.<br>7727 Oakport Street<br>Oakland, CA 94621 | Herc Rentals Inc.<br>c/o: CT Corporation<br>818 W. 7Th Street, Suite 930<br>Los Angeles, CA 90017 |
| The Hertz Corporation<br>c/o: CT Corporation<br>818 W. 7Th Street, Suite 930<br>Los Angeles, CA 90017 | Hertz Global Holdings, Inc.<br>7727 Oakport Street<br>Oakland, CA 94621 |

☒  **(BY MAIL)** As follows:

I placed such envelope for collection and mailing following our ordinary business practices. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, in Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☐  **(BY ELECTRONIC SERVICE)** I sent such document via Case Anywhere.

☐  **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the attorney listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated: May 24, 2017                        _____
                                            Cynthia Garcia