# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO CAMPOS, on behalf of himself, others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HERTZ EQUIPMENT RENTAL CORPORATION; HERC RENTALS INC.; THE HERTZ CORPORATION; HERTZ GLOBAL HOLDINGS, INC.; and DOES 1 to 100, Inclusive<br><br>Defendants. | Case No.: 3:17-cv-03170-CRB<br><br>Assigned to Hon. Charles R. Breyer<br><br>**CLASS ACTION**<br><br>**[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS CLASS ACTION ALLEGATIONS**<br><br>[*Filed concurrently with Plaintiffs' Notice of Motion and Motion to Dismiss Class Action Allegations; Memorandum of Points and Authorities; and Declaration of Vincent C. Granberry In Support*]<br><br>Hearing Information:<br>Date: April 27, 2018<br>Time: 10:00 a.m.<br>Courtroom: 6 |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

The Court has considered the Notice of Motion and Motion to Dismiss Class Action Allegations, Declarations, and all other documents submitted in support of or opposition to the motion

Federal Rule of Civil Procedure 23(e) states "[t]he claims, issues or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." The Ninth Circuit has held that although the language of Rule 23(e) refers only to a "certified class", the Rule also applies to pre-certification dismissals and settlements. *Diaz v. Trust Territory of the Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989) (overruled on other grounds by *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591). The *Diaz* court indicated that pre-certification approval was necessary to ensure that a dismissal or compromise "is not collusive or prejudicial." *Id.* at 1408.

> [T]he district court should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concessions of class interests made by the class representative or counsel in order to further their own interests.

*Id.* "Notice to the class of pre-certification dismissal is not, however required in all circumstances." *Id.*

Here, Plaintiff's voluntary dismissal is not collusive or prejudicial to the class and there is no need to send notice of the dismissal to the class. Plaintiff seeks dismissal based on the settlement of another other putative wage and hour class actions involving substantially the same causes of action, for the same proposed class, and against the same Defendants. No one has offered Plaintiff or Plaintiff's Counsel, Lavi & Ebrahimian LLP, any consideration, direct or indirect, for the dismissal of the class allegations. Dismissal will avoid any detrimental ruling which could prevent another class member from bringing a class action on behalf of putative class members.

Further, there is no need to require notice to be sent to the putative class in this action. Plaintiff and Plaintiff's Counsel are unaware of this case receiving any press

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS CLASS ACTION ALLEGATIONS**

**2**

coverage or publicity which would have caused class members to rely on this class action. Plaintiff has not received any class contact information from the Defendants and no notice has been sent to the putative class which would have alerted them to the existence of this lawsuit. Accordingly, it is very unlikely that any of the putative class members have refrained from filing their own lawsuit because of any reliance on this action.

The putative class members are not likely to suffer any prejudice to lack of adequate time to file their own actions once the class claims in this case are dismissed. The dismissal is precertification and will be without prejudice. Accordingly, the dismissal will not create a procedural bar to any class member filing a claim or putative class action. Any putative class member will have the benefit of a four-year statute of limitations on their wage claims. CAL. BUS. & PROF. CODE §17208. Moreover, a filing of an alleged class action tolls the statute of limitations for all individual claims covered by the class action during the pendency of the suit. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1975). After dismissal, the class members will be in the same position as when the suit was initially filed.

Accordingly, the Court GRANTS the motion and DISMISSES WITHOUT PREJUDICE the class claims in this action.

**IT IS SO ORDERED.**

Dated: April 25, 2018

_____
Hon. Charles R. Breyer
United States District Court Judge